**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Ted Fay BEAN, Defendant–Appellant.**

**No. 78–786.**

Colorado Court of Appeals, Div. II.

June 12, 1980.

Rehearing Denied July 17, 1980.

Certiorari Granted Nov. 10, 1980.

---

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Anthony M. Marquez, Asst. Atty. Gen., Denver, for plaintiff–appellee.

J. Gregory Walta, Public Defender, Nicholas R. Massaro, Jr., James England, Deputy State Public Defenders, Denver, for defendant–appellant.

ENOCH, Chief Judge.

Defendant was convicted on charges of escape and assault during escape from the Colorado State Penitentiary. He contends that the district court erred in denying his motion to dismiss the charges pursuant to the Uniform Mandatory Disposition of Detainers Act, § 16–14–101 et seq., C.R.S. 1973 (1978 Repl. Vol. 8) (the Uniform Act). We agree and therefore reverse the convictions.

The information against defendant was filed September 21, 1977. The defendant signed a request for speedy disposition of the charges on September 23, 1977, which was not delivered to the district court until October 25, 1977. A change of venue requested by defendant on December 5 was granted December 8, 1977. After the preliminary hearing on January 5, 1978, trial was scheduled for January 23, 1978. Defendant's pro se motion to dismiss the charges on grounds of violation of the Uniform Act, was denied January 19, 1978.

Defendant contends on appeal that the failure of prison officials for 32 days to forward his request for speedy trial to the court and the prosecutor amounted to noncompliance with § 16–14–103(1), C.R.S. 1973 (1978 Repl. Vol. 8), and entitles him to dismissal of the charges under § 16–14–104, C.R.S. 1973 (1978 Repl. Vol. 8). We agree.

The Uniform Act requires that prison officials notify an inmate of all untried indictments, informations, and complaints. The prisoner then has a right to make a request in writing for trial on such charges. Section 16–14–102(1) and (2), C.R.S. 1973 (1978 Repl. Vol. 8). Prison officials have a duty to act "forthwith" pursuant to § 16–14–103, C.R.S. 1973 (1978 Repl. Vol. 8), to certify and send by registered mail to the district court and the prosecutor a statement about the term of sentence, time served, good time, and parole, along with a copy of the inmate's request.

It is provided in § 16–14–104, C.R.S. 1073 (1978 Repl. Vol. 8), that the prisoner is entitled to trial within 90 days of the time his request is received by the court and the prosecutor, otherwise "no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment, information, or criminal complaint be of any further force or effect and the court shall *dismiss* it *with prejudice.*" (emphasis supplied).

These provisions, mandating that prison authorities "forthwith" furnish the certified statement and request, and directing that failure to comply with the specified time requirements for commencing trial will result in dismissal, are almost identical to the analogous provisions in the Interstate Agreement on Detainers. Section 24–60–501, Article III and Article IV, C.R.S. 1973 (the Interstate Act). The only difference is

that in Article IV of the Interstate Act, trial may be commenced any time within 120 days following the request.

The Uniform Act and the Interstate Agreement were enacted simultaneously by the General Assembly in 1969 as sections of a single act. Colo. Sess. Laws 1969, ch. 111, pp. 291–297. It follows, therefore, that although no purpose is stated in the Uniform Act, the policies of the Interstate Act and the Uniform Act must be similar. *See People v. Swazo*, Colo., 610 P.2d 1072 (1980). Article I of the interstate compact declares the purpose "to encourage the expeditious and orderly disposition of charges" in order to remedy the problems created for a prisoner by outstanding and untried indictments, informations, and complaints. Expressly listed among the problems addressed by the Interstate Agreement is the obstruction of "programs of prisoner treatment and rehabilitation." Section 24–60–501, Article I, C.R.S. 1973. The fact that the defendant already was imprisoned in the state in which the new charges had been lodged does not make it any less likely that a delay in disposition of those charges would interfere with his access to rehabilitation programs within the prison system.

The prosecution argues that the dismissal sanction in the Interstate Act is spelled out only in § 16–14–104, C.R.S. 1973 (1978 Repl. Vol. 8), and therefore should apply only when the courts fail to provide trial within 90 days after receipt of the defendant's request, and not when prison authorities fail to forward the request and certified statement. We do not agree.

Such a construction would subvert the rehabilitative purpose of the statutory scheme. *See Mooney v. Kuiper*, 194 Colo. 477, 573 P.2d 538 (1978). Therefore we hold that a 32–day delay in delivery of the documents to the court by the prison officials is not a delivery "forthwith" and thus the defendant has been denied his right to a speedy disposition of the charge.

The prosecution likewise would read into § 16–14–103, C.R.S. 1973, (1978 Repl. Vol. 8) a requirement that the defendant show that he was prejudiced as a result of prison officials' violation of the requirement to act "forthwith" on his behalf. Again, we disagree.

Having determined that the purposes of the Uniform Act are consistent with the purposes of the Interstate Act, we conclude that there can be no requirement that the defendant demonstrate prejudice. *See Hughes v. District Court*, 197 Colo. 396, 593 P.2d 702 (1979).

The convictions are therefore reversed and the cause is remanded to the district court with directions to dismiss the charges with prejudice.

SMITH and RULAND, JJ., concur.