**The PEOPLE of the State of Colorado, Petitioner,**

v.

**Ted Fay BEAN, Respondent.**

**No. 80SC254.**

Supreme Court of Colorado, En Banc.

Sept. 7, 1982.

Rehearing Denied Sept. 27, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Anthony Marquez, Asst. Atty. Gen., Denver, for petitioner.

J. Gregory Walta, Colorado State Public Defender, Nicholas R. Massaro, Deputy State Public Defender, James England, Deputy State Public Defender, Denver, for respondent.

ERICKSON, Justice.

This case centers on an interpretation of the Colorado Uniform Mandatory Disposition of Detainers Act, section 16–14–101, *et seq.,* C.R.S.1973 (1978 Repl.Vol. 8) (Uniform Act). We granted certiorari to review the decision of the Court of Appeals, 619 P.2d 72 (Colo.App.1980), which held that a defendant inmate was denied the right to a speedy disposition of the charges against him because his request for final disposition of the charges was not forthwith sent to the court due to a 32-day delay by prison officials. We reverse and return this case to the Court of Appeals with directions to remand to the district court for a determination of whether the prison officials complied with the Uniform Act's requirement to forthwith transmit the inmate's request to the court.

I.

On April 25, 1977, the defendant, Ted Fay Bean, and several other inmates escaped from the Colorado State Penitentiary in Canon City, Colorado. Bean was apprehended two days later and, on September 21, 1977, he was charged with escape and with an assault committed during the escape. Bean signed a written request for final disposition of the charges on September 23, 1977. Thereafter, pursuant to section 16–14–103(1)(a), C.R.S.1973 (1978 Repl. Vol. 8), the prison records officers compiled the administrative information on Bean that was to be forwarded to the court with Bean's request. Although the information was compiled by September 28, 1977, the request was not forwarded to the court on that date because the arrest warrant for Bean had not been received and because Pittman, a prison records officer, was on vacation. When Pittman returned from vacation on October 5, 1977, the warrant still had not been received, and he therefore did not forward the request to the court. Several weeks later, Pittman was advised to forward the request without the warrant. On October 25, 1977, Bean's request for

final disposition of the charges was received by the court, 32 days after he had signed the request.

Bean moved *pro se* to have the charges dismissed on the grounds that the prison officials failed to comply with the Uniform Act's requirement that his request be forthwith forwarded to the court. Section 16–14–103(1)(b), C.R.S.1973 (1978 Repl.Vol. 8). On January 19, 1978, the trial court denied Bean's motion without stating any reasons for denial in its order. The motion was thereafter renewed by Bean's defense counsel and, on March 23, 1978, the trial court again denied the motion, concluding that there was no evidence that the delays were purposeful or intended to prejudice Bean. A jury trial commenced on April 3, 1978, and Bean was thereafter convicted.

The Court of Appeals reversed, declaring that due to the 32-day delay, Bean's request for final disposition was not forthwith sent to the court as required by the Uniform Act. Thus, the court concluded that Bean was denied his right to a speedy disposition of the charges against him. For the reasons expressed in this opinion, we reverse the decision of the Court of Appeals and remand to the Court of Appeals with directions to return this case to the district court for a further hearing.

## II.

The Uniform Act is one of several Colorado statutes implementing a defendant's right to a speedy trial as provided in Article II, section 16 of the Colorado Constitution and the Sixth and Fourteenth Amendments to the United States Constitution. *See People v. Swazo,* 199 Colo. 486, 610 P.2d 1072 (1980). Under the Uniform Act, the superintendent of an institution is responsible for informing a prisoner in writing of any untried indictment, information, or criminal complaint against the prisoner of which the superintendent has knowledge. Section 16–14–102(2), C.R.S.1973 (1978 Repl.Vol. 8). The prisoner may then request in writing the final disposition of the untried indictment, information, or criminal complaint. Section 16–14–102(1), C.R.S.1973 (1978 Repl.

Vol. 8). Once the request has been made, the superintendent of the institution must *forthwith:*

"(a) Certify the term of commitment under which the prisoner is being held, the time already served on the sentence, the time remaining to be served, the good time earned, the time of parole eligibility of the prisoner, and any decisions of the state board of parole relating to the prisoner; and

"(b) Send, by registered mail, a copy of the request made by the prisoner and a copy of the information certified under paragraph (a) of this subsection (1) to both the court having jurisdiction of the untried offense and to the prosecuting official charged with the duty of prosecuting the offense."

Section 16–14–103(1), C.R.S.1973 (1978 Repl. Vol. 8).

The issue here relates to the standards to be applied in determining whether the Uniform Act's "forthwith" requirement has been met. The state argues that the 32-day delay in forwarding Bean's request to the court did not violate the Uniform Act's requirement to forthwith forward the request. In its view, each case must be determined on its particular facts, and factors such as the length of the delay and reason for the delay must be balanced against the prejudice to the defendant in determining whether the delay violated the Uniform Act. We have stated that there is no requirement that a prisoner demonstrate that prejudice resulted from a violation of the Interstate Agreement on Detainers. Section 24–60–501 *et seq.,* C.R.S.1973. *See Hughes v. District Court,* 197 Colo. 396, 593 P.2d 702 (1979). Requiring a prisoner to show prejudice from a violation of the Interstate Agreement on Detainers would not further the goal of encouraging the expeditious and orderly disposition of detainers. *Hughes v. District Court, supra. See also* Section 24–60–501, C.R.S.1973. We believe the same principle applies to violations of the Uniform Act. In *People v. Swazo,* 199 Colo. 486, 610 P.2d 1072, 1074 (1980), we held:

"Although [the Uniform Act and the Interstate Agreement on Detainers] apply to different situations, they reflect the same policy of assuring speedy trials. Therefore, the enunciated principles for one can be applied to the [other] unless the provisions conflict."

See also *Chambers v. District Court*, 180 Colo. 241, 504 P.2d 340 (1972); *People v. Lopez*, 41 Colo.App. 206, 587 P.2d 792 (1978). It is the state's burden to show, among other factors, that the prisoner was not prejudiced by the delay.

■ The prompt forwarding by prison officials of a prisoner's request for final disposition is vital to the effective operation of the Uniform Act. *See People v. Wilson*, 69 Cal.App.3d 631, 138 Cal.Rptr. 259 (1977); *State v. Taylor*, 538 P.2d 310 (Utah 1975). The burden of establishing that the request was forthwith transmitted to the court rests on the state. *People v. Lincoln*, 42 Colo.App. 512, 601 P.2d 641 (1979). *See People v. Swazo, supra.* A determination of whether the prison officials complied with the Uniform Act requirements must be made on an *ad hoc* basis, with full consideration of factors such as the length and reasons for the delay, the existence of prejudice to the defendant arising from the delay, the knowledge of the delay by prison officials, and their efforts to facilitate transmission of the request after the specific problems resulting in the delay were discovered. An appellate court, however, cannot undertake to make the findings of fact which fall within the province of the trial court. *See Gebhardt v. Gebhardt*, 198 Colo. 28, 595 P.2d 1048 (1979). Therefore, without specific findings on the relevant factors, we cannot determine whether Bean's request was forthwith transmitted to the court. Accordingly, we conclude that it is the proper function of the trial court in this case to determine whether the 32-day delay in forwarding Bean's request for final disposition of the charges against him to the court constituted a violation of the Uniform Act.

## III.

■ The state argues that even if Bean's request was not forthwith sent to the court, dismissal is not an appropriate sanction for a violation of section 16–14–103(1). We disagree.

■ The purpose of the Uniform Act mandates that the adverse consequences of the state's failure to comply with the Uniform Act be imposed on the prosecution and not the prisoner. *People v. Lincoln*, 42 Colo.App. 512, 601 P.2d 641 (1979). *See People v. Swazo, supra.* The proper sanctions for failure to comply with the Uniform Act is dismissal of the claims with prejudice. *Romans v. District Court*, 633 P.2d 477 (Colo.1981); *People v. Lincoln, supra. See People v. Swazo, supra.* Therefore, if the district court determines upon remand that the prison officials did not comply with the Uniform Act, the charges against Bean must be dismissed.

Accordingly, we reverse and return this case to the Court of Appeals with directions to remand to the district court to determine whether the prison officials complied with the Uniform Act's requirement to forthwith transmit Bean's request to the court.