The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

Charles **FORDYCE**, Defendant-Appellant.

No. 83CA0205.

Colorado Court of Appeals, Div. III.

May 30, 1985.

Rehearing Denied June 27, 1985.

Certiorari Denied Oct. 21, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Daniel Dailey, First Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Terri L. Brake, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

TURSI, Judge.

Defendant, Charles Fordyce, appeals the trial court's denial of his motion for return of property. We affirm.

Defendant argues that the prosecution failed to meet its burden of rebutting the *prima facie* case of ownership of the items seized which he claims to have established through his testimony. We perceive no error.

Defendant was arrested while driving a stolen car and subsequently pled guilty to burglarizing a day care center. In this action, he seeks the return of several pieces of personal property, including four cassette players, four tool boxes, five electric drills, and miscellaneous tools, books, ash trays, crayons, and other items seized from the car at the time of his arrest. Also seized was a list of addresses of day care centers which included the center defendant was charged with burglarizing. None of the items defendant seeks to recover appeared on the inventory of property alleged to have been stolen from the day care center.

Generally, a *prima facie* case of ownership is made by a showing by the defendant that the goods were seized from him at the time of his arrest and that they are being held by law enforcement authorities. *People v. Buggs*, 631 P.2d 1200 (Colo. App.1981). The burden then shifts to the prosecution to prove by a preponderance of the evidence that the items seized were the fruit of an illegal activity or that a connection exists between those items and criminal activity. *People v. Ward*, 685 P.2d 238 (Colo.App.1984); *People v. Rautenkranz*, 641 P.2d 317 (Colo.App.1982).

Here, defendant's attempt to establish a *prima facie* case of ownership of items seized in an admittedly stolen vehicle was grounded solely in his testimony. But, based upon the totality of the evidence, the trial court stated that it chose not to accept defendant's testimony. Such determination of credibility was entirely within the purview of the trial court as the finder of fact and is binding upon us. The trier of fact is not required to accept a witness' testimony, even though it is uncontroverted. *Muhe v. Mitchell*, 166 Colo. 108, 442 P.2d 418 (1968).

Order affirmed.

STERNBERG and METZGER, JJ., concur.