The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Mark Henry FONDA, Defendant-Appellant.

No. 83CA0645.

Colorado Court of Appeals, Div. I.

July 25, 1985.

Rehearing Denied Sept. 5, 1985.

Certiorari Denied (Fonda) Jan. 21, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Peter J. Stapp, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Rachel A. Bellis, Deputy State Public Defender, Denver, for defendant-appellant.

SMITH, Judge.

Defendant, Mark Henry Fonda, appeals the judgment entered on his conviction by a jury of attempted murder and commission of a crime of violence. Fonda claims the trial court erred (1) by admitting his spontaneous statement made in the presence of the arresting officers; (2) by failing, *sua sponte*, to give a jury instruction limiting the effect of testimony concerning defendant's previous malicious acts against the victim; (3) by accepting, as voluntary, defendant's waiver of his right to testify; and (4) by sentencing defendant to a period of incarceration at the high end of the presumptive range. We affirm.

Fonda first met the victim, Fechuch, in 1978. In 1980 bad feelings arose between the parties after Fechuch and Fonda disagreed about repairs Fechuch performed on Fonda's car. Fonda accused Fechuch of breaching his contract and claimed that Fechuch owed him several hundred dollars. A few weeks later, police officers arrested Fonda for firing two shots into Fechuch's parked truck.

At trial for that shooting, the court found Fonda incompetent to stand trial. Fonda was thereupon committed to the state hospital where he remained until his release in February 1982. Thereafter, he reappeared before the court and pled guilty to a misdemeanor charge of malicious mischief arising from the destruction of certain property owned by Fechuch.

On May 23, 1982, Fonda allegedly laid in wait for and shot Fechuch. The instant case was thereupon filed and an arrest warrant issued. Upon learning of the issuance of the warrant for his arrest, Fonda decided to surrender to the judge who presided over his February 1982 hearing.

Fonda and a friend drove to the Jefferson County Courthouse. He waited in the car while his friend went to the judge's courtroom. Fonda's attorney and several others in the courtroom decided to accompany defendant's friend back to the car.

By the time they arrived at the car, police had surrounded the car and had ordered Fonda out of the car. As he got out of the car, he began shouting at the officers. Fonda's attorney warned him to keep quiet. He, however, retorted that he had a First Amendment right to say anything he pleased.

Testimony is conflicting over what Fonda next said. Fonda either stated, "[He] bore false witness against me and I avenged (or revenged) myself," or, "[He] bore false witness against me and I shall be vindicated."

## I.

Fonda first argues that the trial court erred in finding that the statement made by him at the time of his arrest was voluntary and, thus, admissible. We disagree.

■ Volunteered spontaneous statements made to arresting officers are generally admissible. *Maes v. People*, 160 Colo. 528, 418 P.2d 891 (1966). Fonda does not argue that the statement he made in front of the arresting officers should be suppressed for want of *Miranda* warnings. Rather, he contends that, under *People v. Raffaelli*, 647 P.2d 230 (Colo.1982), the trial court improperly ignored his mental condition as it affected the voluntariness of his statement.

■ We find *People v. Raffaelli, supra,* inapposite here. There, Raffaelli confessed to an interrogating police officer after waiving his *Miranda* rights. Raffaelli adduced psychiatric testimony at trial establishing that his mental condition rendered him susceptible to making a confession he would not otherwise have made. The trial court suppressed Raffaelli's confession as involuntary because of both the accusatorial nature of the interrogation and Raffaelli's mental condition at the time he confessed.

By contrast, Fonda blurted out his statement in front of the arresting officers, his attorney, and the other persons present. At that time, he was not being interrogated. Fonda, while recognizing the presence of his attorney, ignored his attorney's exhortations to keep quiet. Fonda vehemently asserted his right to speak. Two psychological evaluations subsequently conducted did not disclose any mental illness or lack of capacity for rational judgment or free choice. There was no evidence presented to indicate that Fonda's statement was anything other than the product of an essentially rational and free

choice. *Cf. People v. Connelly*, 702 P.2d 722 (Colo.1985).

Where, as here, the trial court's finding on the voluntariness of a confession is adequately supported in the record, the finding will be upheld. *See People v. Raffaelli, supra.*

## II.

■ Fonda next argues that the trial court erred by failing to give, *sua sponte,* an instruction to the jury limiting the purpose for which the jurors could consider the evidence of Fonda's prior destructive behavior toward Fechuch's property. Defendant contends that the trial court's failure to instruct the jury in this regard fostered an atmosphere of guilt based on defendant's bad character, rather than on proof he committed the alleged offense. We disagree.

Here, defense counsel neither objected to the testimony of the prior incident nor tendered cautionary instructions to limit the purposes for which the jury could consider the testimony. Under such circumstances, the trial court did not commit plain error in failing, *sua sponte,* to give such an instruction. *People v. Gladney*, 194 Colo. 68, 570 P.2d 231 (1977); *see also People v. White*, 680 P.2d 1318 (Colo.App.1984).

## III.

■ Fonda next argues that the trial court erred in failing adequately to advise him of his right to testify under the standards established in *People v. Curtis*, 681 P.2d 504 (Colo.1984). He thus asserts that his waiver of his right to testify was not knowing, voluntary, or intentional. We disagree.

Here, unlike the situation in *Curtis, supra,* the trial court questioned both defense counsel and Fonda on-the-record in order to ascertain that Fonda's waiver was knowing, voluntary, and intentional. The court asked Fonda if he knew he had the right to testify, if it was his desire to waive that right, and if he desired to remain silent. He replied affirmatively. Moreover, defense counsel stated on the record that he had fully discussed with Fonda the matter

of testifying, and that they both agreed it would be best if Fonda did not take the stand. *Cf. Palmer v. People*, 680 P.2d 525 (Colo.1984).

We thus conclude that the rule in *Curtis, supra*, was substantially complied with and that this assertion of error is without merit.

### IV.

Fonda finally argues that, in light of his mental condition, the trial court abused its discretion by imposing an excessive sentence. This argument is without merit.

In deciding upon an appropriate sentence, the trial court is invested with wide latitude in arriving at a synthesis which reflects the interests both of society and of defendant. *People v. Hotopp*, 632 P.2d 600 (Colo.1981). And, inasmuch as the sentence was within the presumptive range for the crime charged, defendant has failed to show that the court here went beyond the ambit of its discretion. Hence, the sentence imposed will not be overturned on appeal. *Triggs v. People*, 197 Colo. 229, 591 P.2d 1024 (1979).

The judgment is affirmed.

PIERCE and BABCOCK, JJ., concur.