The **PEOPLE of the State of Colorado,**
Plaintiff-Appellee,

v.

**Lloyd Louis VALDEZ,**
Defendant-Appellant.

No. 83CA0456.

Colorado Court of Appeals,
Div. III.

March 27, 1986.

Rehearings Denied June 12, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David R. Little, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Public Defender, Michael J. Heher, Deputy Public Defender, Denver, for defendant-appellant.

TURSI, Judge.

Defendant, Lloyd Louis Valdez, appeals the judgment entered upon his conviction by a jury of first degree assault and of being an habitual criminal. Defendant contends that the trial court erred in: (1) allowing the use of constitutionally invalid convictions to impeach defendant and as a basis for imposing a life sentence; (2) admitting evidence that was irrelevant, improper, and grossly prejudicial; (3) denying defendant's right to a speedy trial; (4) allowing the prosecution's improper argument; (5) denying defendant's right to be present during an important part of the trial; and (6) improperly instructing the jury on defendant's prior habitual criminal convictions. Disagreeing with defendant's contentions, we affirm.

In support of the first degree assault charge, the prosecution presented evidence that on November 19, 1983, while defendant was incarcerated in the Colorado Correctional Center, he threatened to kill one guard with a pair of scissors, and when a second guard entered the room, he grabbed him and pressed the scissors against his side. Defendant testified that he had not threatened anyone with scissors.

Although contending they were constitutionally infirm, defendant admitted the following prior convictions: burglary in 1972; conspiracy to commit burglary and "little habitual criminal" in 1961; burglary and "little habitual criminal" in 1956; theft by receiving in 1950; and burglary in 1945.

## I
### Invalidity of Prior Convictions

In determining whether a conviction is constitutionally flawed, the defendant must make a prima facie showing that the prior conviction was obtained in violation of his constitutional rights. Only after the defendant has made such a showing does the burden shift to the People to demonstrate the conviction's constitutional validity by a preponderance of the evidence. *People v. Mascarenas*, 632 P.2d 1028 (Colo. 1981). A prima facie showing in the context of this case means evidence which, when considered in a light most favorable to the defendant with all reasonable inferences drawn in his favor, will permit the court to conclude that the defendant's plea of guilty was not obtained in accordance with his constitutional rights to due process. *People v. Shaver*, 630 P.2d 600 (Colo. 1981).

The sole conviction which defendant challenged by testimonial evidence was a 1972 conviction. No transcript of the hearing in that prosecution was available. Although we agree that defendant's direct testimony was adequate pursuant to *Mascarenas* and *Shaver, supra*, initially to raise a prima facie case of constitutional infirmity in the acceptance of his guilty plea in that proceeding, *see People v. Buggs*, 631 P.2d 1200 (Colo.App.1981), we do not agree that the trial court erred in admitting the 1972 conviction for impeachment purposes and as a predicate conviction for sentence enhancement.

Once the defendant made his prima facie case, the burden shifted to the People to demonstrate the conviction's validity by a preponderance of the evidence. The People introduced documentary evidence that, at the entry of the plea and pursuant to the applicable version of Crim.P. 11, defendant was represented by counsel. By cross-examination, the People elicited admissions that defendant was represented by very competent counsel and was satisfied with his representation, that the plea was the result of a favorable plea bargain, and that

defendant had been through previous pleas and a jury trial for burglary.

Citing *People v. Fordyce*, 705 P.2d 8 (Colo.App.1985), the trial court stated that even though it viewed defendant's testimony in its most favorable light, the testimony was totally incredible and, therefore, defendant had failed to establish a prima facie case. *People v. Fordyce, supra* (burden of proof remained upon defendant seeking return of seized property even though the risk of nonpersuasion shifted to the People). *See generally* J. Wigmore, *Evidence* §§ 2487 and 2494 (3rd ed. 1940).

Here, at the conclusion of defendant's direct testimony, viewed in its most favorable light, a prima facie case had been made, and the burden of proof by a preponderance of the evidence shifted to the People. However, since the trial court relied upon the evidence as a whole in finding that defendant's testimony was totally incredible, we conclude that the trial court necessarily determined that the People had sustained its burden of proof. Thus, any error in phrasing the trial court's ruling was harmless.

Defendant's challenges to the remaining prior convictions submitted to the jury are without merit. The other prior convictions charged that were fatally infirm were either excluded or withdrawn.

## II

### Admissibility of Evidence

Defendant objects to the trial court's admission of allegedly improper, irrelevant, and grossly prejudicial evidence. Defendant's objections are not well taken.

There are two principles applicable to the admission of the challenged evidence: (1) invited error and (2) plain error.

▮▮▮ The doctrine of invited error provides that when the court acquiesces in a course of conduct urged by the defendant, the defendant is estopped on appeal from raising as error that conduct or its result. *People v. Shackelford*, 182 Colo. 48, 511 P.2d 19 (1973).

▮▮▮ There are two instances of invited error in the present case. First, defense counsel had requested that the jury be read the habitual criminal charges, and second, defense counsel participated in the redaction process of numerous exhibits. Thus, defendant cannot now raise these issues as a basis for reversal. *People v. Shackelford, supra.*

▮▮▮ As to the remainder of the evidence now challenged, defendant did not object at trial to its admissibility. Hence, our inquiry on appeal is limited to whether the admission of such evidence amounts to plain error. *See Ramirez v. People*, 682 P.2d 1181 (Colo.1984). To meet the burden of demonstrating plain error, there must be a reasonable possibility that the alleged error contributed to the defendant's conviction. *See Ramirez v. People, supra.*

▮▮▮ We agree with the People's contention that, given the overwhelming evidence of defendant's guilt, any error did not substantially influence the jury verdict or affect the fairness of the trial proceedings.

## III

### Prosecution's Misconduct

Defendant asserts he was denied a fair trial by virtue of the prosecutor's improper arguments that defendant's prior convictions demonstrated his criminal character. We disagree.

▮▮▮ The scope of final argument rests in the sound discretion of the trial court, and its rulings thereon will not be disturbed by an appellate court in the absence of a gross abuse of discretion resulting in prejudice and a denial of justice. *People v. Moody*, 676 P.2d 691 (Colo.1984).

▮▮▮ Defendant made no objection to the prosecution's argument at trial. Defense counsel also invited the prosecution's response when he brought the character of defendant into his closing argument.

Prior to the arguments, the court had instructed the jury that the evidentiary phase of the trial had been completed and the evidence of defendant's prior criminality could only be considered by them in weighing the defendant's credibility. Absent a contrary showing, it is presumed the

jury understood and heeded the trial court's instructions. *People v. Moody, supra.*

There is no showing that defendant was prejudiced or that an unfair trial resulted. Hence, we conclude that the trial court did not abuse its discretion in allowing the prosecutor's remarks.

## IV

### Right to be Present During Trial

 Defendant argues that the court denied him his right to be present at trial. We disagree.

During jury deliberations, the jury requested that the tape of a disciplinary hearing involving one of defendant's witnesses be replayed. The tape had previously been played during the trial. Defense counsel suggested that there was no need for counsel to be present if the jury desired to hear the tape again. The court requested that counsel from both sides be present, but they were not allowed to comment.

While it is true that defendant must be present at every critical stage of the proceeding in a criminal prosecution, *People ex rel. Farina v. District Court,* 185 Colo. 118, 522 P.2d 589 (1974), in the present case the replaying of the tape during deliberations was not a critical stage. The jury was merely examining a piece of real evidence. "So far as the Fourteenth Amendment is concerned, the presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *Snyder v. Massachusetts,* 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1933).

Defendant was not denied a fair hearing. He was present at trial when the tape was first played, and his attorney was present when the tape was replayed.

## V

### Right to a Speedy Trial

 Defendant argues that the trial court erred in denying his motion to dismiss premised upon an alleged failure to comply with the Uniform Mandatory Disposition of Detainers Act, § 16–14–102, C.R.S. (1978 Repl. Vol. 8). We disagree. The trial court's finding that the prison officials acted in a forthwith manner is amply supported by the record. *See People v. Bean,* 650 P.2d 565 (Colo.1982).

## VI

Defendant's final contention is that instructing the jury on one of the predicate prior convictions counts which also showed defendant's conviction as a habitual criminal was improper. We agree. *See Maestas v. District Court,* 189 Colo. 443, 541 P.2d 889 (1975). However, based upon the totality of the evidence, we conclude that the inclusion of this reference was not plain error.

The judgment is affirmed.

BERMAN and METZGER, JJ., concur.