The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Richard Wayne McMULLEN,
Defendant-Appellant.

No. 85CA0846.

Colorado Court of Appeals,
Div. I.

Dec. 24, 1986.

Rehearing Denied Jan. 29, 1987.

Certiorari Denied (McMullen)
June 8, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David L. Saine, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colo. State Public Defender, Thomas R. Williamson, Deputy State Public Defender, Denver, for defendant-appellant.

TURSI, Judge.

The defendant, Richard Wayne McMullen, appeals a judgment of conviction and the sentence entered on a jury verdict finding him guilty of aggravated robbery. We affirm.

The case arises from a robbery at gun point of a pizza restaurant employee. The defendant was charged with aggravated robbery, § 18–4–302(1)(a) and (b), C.R.S. (1986 Repl.Vol. 8B) and the commission of a violent crime with a deadly weapon, § 16–11–309, C.R.S. (1986 Repl.Vol. 8A). The trial court imposed a sentence in the aggravated range pursuant to the violent crime statute.

## I

For the first time on appeal, the defendant asserts the trial court committed reversible error by failing to determine properly whether he voluntarily, knowingly, and intentionally waived his right to testify. We disagree.

■ The trial court has the responsibility of determining on the record whether there is an intelligent and competent waiver of the defendant's right to testify at his trial. *People v. Curtis*, 681 P.2d 504 (Colo.1984). In order for a defendant to make his decision in a voluntary, knowing, and intelligent manner, he must be informed that he has a right to testify, advised of the advantages and disadvantages of testifying, and

informed he may take the stand notwithstanding the contrary advice of his lawyer. *Palmer v. People*, 680 P.2d 525 (Colo.1984).

Here, the trial court advised the defendant on the record that it was his decision whether to testify; nobody else could make the decision; and even if his lawyer thought he should not testify, it was his right to testify anyway. The defendant stated he understood it was his decision to make, his lawyer had discussed it with him, he had no questions regarding the advisement, and he had decided not to testify.

■ The trial court's advisement on the record did not warn of the disadvantages of testifying as suggested in *Curtis, supra*. However, defendant does not urge a lack of knowledge of the disadvantages attendant to exercising his right to testify. Further, defendant does not urge that his decision to testify would have been different had he been advised on the record concerning the disadvantages of testifying. Therefore, inasmuch as the record demonstrates that defendant voluntarily, intelligently, and knowingly waived his right to testify, failure at this stage of the criminal proceeding to advise on the record of the disadvantages in testifying, if error at all, was *de minimis* and not plain error. *See People v. Rubanowitz*, 688 P.2d 231 (Colo. 1984).

■ The underlying concern of *Curtis* was that the attorney might overbear the defendant's desire to testify. *People v. Mozee*, 723 P.2d 117 (Colo.1986). The advisement here carefully covered this point and was adequate overall; thus, the concerns of *Curtis* are not before us. *See People v. Fonda*, 712 P.2d 1067 (Colo.App. 1985).

■ Once the prosecution has presented a *prima facie* case of voluntary, knowing, and intentional waiver, a defendant challenging the waiver must present evidence to the contrary. *Curtis, supra; Mozee, supra*. Since this defendant has failed to do so, we find no reversible error in the advisement as given.

## II

The defendant also contends his defense counsel made an ineffectual waiver of his rights to plead not guilty and demand a jury trial by stipulating that a guilty verdict to aggravated robbery, as charged, also established the defendant was guilty of the violent crime charge. We disagree.

The violent crime statute requires the jury make "a specific finding as to whether the accused did or did not use, or possessed and threatened to use, a deadly weapon" during the commission of the crime. Section 16–11–309(5), C.R.S. (1986 Repl.Vol. 8A). Here, defense counsel stipulated that the above finding was a necessary element of the aggravated robbery charge; therefore, if the defendant was found guilty of aggravated robbery, then the mandatory sentencing for violent crimes statute applied. No special interrogatory was submitted to the jury.

The jury found the defendant guilty of aggravated robbery. It returned the verdict form which showed it found "the defendant knowingly put the person robbed, or any other person, in reasonable fear of death or bodily injury, with a deadly weapon." The trial court sentenced the defendant in the aggravated range pursuant to the violent crime statute based on the verdict form and in accordance with the stipulation.

Defense counsel, on his motion for new trial and subsequent to the verdict, concluded that § 16–11–309(5) required that a specific interrogatory be submitted to the jury notwithstanding the prior agreement between court and counsel. Under the circumstances here, the contention must be reviewed under the standards of plain error. The defendant must demonstrate the stipulation affected his substantial rights and that the record shows a reasonable possibility that the error contributed to his conviction. *See People v. Rubanowitz, supra.*

We perceive no prejudice to the substantive rights of the defendant. The finding the jury made under the aggravated robbery charge is substantially the same finding required by § 16–11–309(5). The defendant has failed to demonstrate how submission of a special interrogatory quoting the language of the violent crime statute could possibly have produced a different result.

Furthermore, the doctrine of invited error provides that a party may not complain when he has been an instrument for injecting error in the case and that he is expected to abide by the consequences of his acts. *People v. Shackelford,* 182 Colo. 48, 511 P.2d 19 (1973); *People v. Valdez,* 725 P.2d 29 (Colo.App.1986). Since the defendant's attorney stipulated that a guilty verdict on aggravated robbery meant the mandatory sentencing for violent crimes statute applied, the defendant cannot assert that contention as error on appeal.

Judgment and sentence affirmed.

PIERCE and CRISWELL, JJ., concur.