The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

James WOODARD, Defendant–Appellant.

No. 87CA1585.

Colorado Court of Appeals, Div. III.

March 30, 1989.

Rehearing Denied April 20, 1989.

Certiorari Denied July 3, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Paul H. Chan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, and Martin J. Gerra, III, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge STERNBERG.

Asserting that the trial court committed error by failing to advise him that he could testify notwithstanding any contrary advice of his lawyer, the defendant, James Woodard, appeals from a judgment of conviction entered on a jury verdict finding him guilty of aggravated robbery and crime of violence. While we agree the advisement was deficient, we affirm the judgment.

*People v. Curtis*, 681 P.2d 504 (Colo. 1984) established certain procedural safeguards relating to a defendant's right to testify. No exact litany is prescribed; however, *Curtis* specifies that the trial court should determine on the record that the defendant is aware that he has a right to testify, that he knows of the consequences of testifying, and that he is cognizant that he may take the stand notwithstanding the contrary advice of counsel.

Here, the trial court questioned the defendant on the record regarding his decision about whether he would testify. The court advised him of his right to testify and the consequences thereof. In response to a question from the court whether his decision not to testify was "freely and voluntarily" made, defendant responded affirmatively. The court did, however, stop short of expressly advising him that the decision to testify or not was his alone to make and not his attorney's and that he could countermand the advice of his lawyer. While the advisement was deficient in this respect, we conclude that this deficiency does not require reversal.

Under the circumstances presented, we conclude that the rule of *Curtis* was substantially complied with and that any error was *de minimus*. *See People v. McMullen*, 738 P.2d 23 (Colo.App.1986) (failure to warn defendant of disadvantages of testifying "was *de minimus* and not plain error"); *People v. Fonda*, 712 P.2d 1067 (Colo.App.1985) (failure to advise defendant he may testify notwithstanding contrary advice of counsel does not require reversal —"substantial compliance" with Curtis approved). *See also People v. Roelker*, 780 P.2d 17 (Colo.App.1989).

The thrust of the *Curtis* decision was summarized by the court to be "that waiver of the right to testify must be voluntary, knowing, and intentional, and the existence of effective waiver should be ascertained by the trial court on the record." Here, the defendant responded affirmatively to the court's question about his decision not to testify being made "freely and voluntarily." In light of that statement by defendant, we do not perceive a sufficient departure from the *Curtis* standard to require reversal.

Under such circumstances, reversal of the judgment would be tantamount to holding that only a precise litany will suffice. To so exalt form over substance would

disserve the fundamental purpose of the *Curtis* ruling. *Cf. People v. Mozee,* 723 P.2d 117 (Colo.1986).

The other contention of error is without merit.

Judgment affirmed.

FISCHBACH, J., concurs.

NEY, J., dissents.

NEY, Judge, dissenting.

I respectfully dissent. *People v. Curtis,* 681 P.2d 504 (Colo.1984) requires a trial court to ensure, on the record, that a defendant's waiver of his right to testify is knowledgeable. As the court there stated:

"[T]he trial court has a duty to question the defendant on the record to ascertain whether waiver of the right to testify is made with a complete understanding of his rights...."

I agree with the majority that the advisement of the defendant by the trial court of his rights as mandated by *Curtis* was deficient in that defendant was not advised that the decision whether or not to testify is ultimately his alone and not that of his attorney. Nothing in the record indicates that the defendant knew that the decision to testify was his alone to make. Therefore, it cannot be said that, as required by *Curtis,* the purported waiver of defendant's right to testify was "an intentional relinquishment of a known right."

I agree with the majority that *Curtis* does not require a particular litany; however, *Curtis* does require that the court assure itself that the defendant knows that the decision to testify or not to testify is his and not his attorney's. I would conclude that a defendant's response to the court's question that his decision not to testify "was being made freely and voluntarily" is insufficient when he is unaware of all the elements of these rights.

I would therefore reverse the defendant's judgment of conviction and remand the case for a new trial.