The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

Darrell **ROELKER,** Defendant-Appellant.

No. 87CA0579.

Colorado Court of Appeals, Div. III.

March 30, 1989.

Rehearing Denied April 6, 1989.

Certiorari Granted Sept. 5, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, and Judy Fried, Deputy State Public Defender, Denver, for defendant-appellant.

STERNBERG, Judge.

Defendant, Darrell Roelker, appeals from a judgment of conviction entered on a jury verdict finding him guilty of aggravated incest. We affirm.

## I.

■ Defendant first asserts the trial court erred by failing to allow him to decide whether he would testify. We find no reversible error.

Prior to the close of the prosecution's evidence, the court advised defendant of his rights pursuant to *People v. Curtis*, 681 P.2d 504 (Colo.1984). Specifically, he was told that he had the right to testify and his privilege against self-incrimination was explained. It was also explained that the right to testify was a personal one that he could exercise even if his attorney advised to the contrary. Defendant acknowledged that he understood the choice was his to make even in the face of contrary advice from his attorney.

Later that same morning, after the prosecution rested, a bench conference took place at which defense counsel stated the defendant would not present any evidence. The record is silent as to whether defendant was present at, or within hearing of, this conference. Outside the presence of

the jury, the trial court stated for the record that, at the bench conference, defense counsel had advised the court that "he and the defendant elected not to present any testimony." Defendant now argues, for the first time, that the advisement procedure was fatally deficient because it was given prematurely and, in any event, because defendant himself did not state that he elected not to testify. We do not agree.

While under *Curtis* the existence of an effective waiver of the right to testify should be ascertained by the trial court on the record, here there is no evidence indicating that the defendant's decision to exercise his privilege against self-incrimination was not made voluntarily, knowingly, and intelligently. He was advised of his right to testify regardless of his attorney's advice, the ramifications of the decision, and that the decision was his alone to make. The fact that the advisement took place prior to the prosecution resting does not, in our view, require reversal. Rather, in light of the advisement given earlier that morning together with his response that he understood that advisement, we conclude that the defendant effectively waived his right to testify.

This case is different from *Curtis*. There, Curtis was not told either that the decision whether to testify was his to make or that he could override his trial lawyer's decision. Here, defendant was so advised. Moreover, significantly, there was evidence that, had Curtis known the decision was his to make, he would have testified in order to bolster his alibi defense. There is no indication in this record that the defendant would have testified. Thus, while the better practice would have been to inquire directly of the defendant concerning his waiver, we hold that there was substantial compliance with the requirements of *People v. Curtis, supra. See People v. McMullen*, 738 P.2d 23 (Colo.App.1986) (failure to warn defendant of disadvantages of testifying "was *de minimus* and not plain error"); *People v. Fonda*, 712 P.2d 1067 (Colo.App.1985) (failure to advise defendant he may testify notwithstanding

contrary advice of counsel does not require reversal—"substantial compliance" with Curtis approved). *See also People v. Woodard,* 782 P.2d 1212 (Colo.App.1989).

## II.

■ Defendant next contends the trial court erred by failing to require the prosecution to elect a specific transaction it relied upon to prove the charge. We disagree.

If there is evidence of many acts, any one of which would constitute the offense charged, the prosecution may be compelled to select the transaction on which it relies for a conviction. *People v. Estorga,* 200 Colo. 78, 612 P.2d 520 (1980). The prosecution is not required to identify the exact date of the offense, but must individualize and select a specific act. *People v. Estorga, supra.* Such an election enables the defendant to prepare and make his defense to a specific charge, and assures that some jurors do not convict on one offense and others on a separate offense. *See Kogan v. People,* 756 P.2d 945 (Colo.1988).

Prior to trial, the defense filed a motion to individualize and select specific act. The trial court granted the motion and limited the prosecution's proof to "the summer months of 1986" prior to the July 22, 1986, medical examination of the victim. Medical testimony at trial limited the occurrence to within one month prior to the examination. Because of the inability of the five-year-old victim to establish the exact date of the offense, the prosecution was able to narrow the time frame only to the "most recent incident" prior to the medical examination.

We conclude that the prosecution sufficiently narrowed the time frame to allow the defendant to prepare and present his defense. This is not a situation in which there was evidence presented of many acts, but instead involved a continuing course of conduct. *See People v. Barela,* 689 P.2d 689 (Colo.App.1984). The trial court, therefore, did not abuse its discretion. *See Kogan v. People, supra.*

## III.

The other contention of error is without merit.

Judgment affirmed.

FISCHBACH, J., concurs.

NEY, J., dissents.

NEY, Judge, dissenting.

I respectfully dissent from part I of the majority opinion.

The majority concludes that after an adequate advisement of a defendant's right to testify mandated by *People v. Curtis,* 681 P.2d 504 (Colo.1984), the defendant may waive this right without any statement of waiver by him appearing on the record. The majority premises the existence of that waiver here on the absence of any objection by defendant to his attorney's representation to the court at a bench side conference that defendant would present no testimony.

I agree with the majority that the advisement of defendant's right to testify met the criteria of *Curtis* and that, although the advisement was given to defendant prior to the prosecution resting, this timing does not require reversal. However, I disagree that the absence of any objection by the defendant to his counsel's representation to the court, which was outside his hearing, could effectively demonstrate a waiver of his right to testify.

"[T]he trial court has a duty to *question* the defendant on the record to ascertain whether the waiver of the right to testify is made with a complete understanding of his rights

. . . .

By placing the elements of intelligent and competent waiver on the record at the time of trial, the trial court can accurately determine whether waiver was indeed intelligent and competent, and that determination will be readily reviewable on appeal." *People v. Curtis, supra* (emphasis supplied).

A fair reading of this language in *Curtis* necessarily leads to the conclusion that the

*defendant's* waiver must appear on the record and that the court must inquire of the *defendant*, after a full advisement, not only whether he understands his right to testify but also whether his waiver of that right is voluntary, knowing, and intentional.

I would therefore reverse the defendant's judgment of conviction and remand the case for a new trial.