22CA2050 Peo v Esparza 07-11-2024 COLORADO COURT OF APPEALS Court of Appeals No. 22CA2050 Arapahoe County District Court No. 04CR1256 Honorable Joseph Whitfield, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Gabriel Esparza, Defendant-Appellant. ORDER REVERSED AND CASE REMANDED WITH DIRECTIONS Division V Opinion by JUDGE GRAHAM* Harris and Lum, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 11, 2024 Philip J. Weiser, Attorney General, Alejandro Sorg, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Gabriel Esparza, Pro Se *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2023. 
1 ¶ 1 Defendant, Gabriel Esparza, appeals the district court’s order denying his motion for return of seized property. We reverse the order and remand for further proceedings. I. Background ¶ 2 In 2005, a jury convicted Esparza of murder in the first degree, aggravated motor vehicle theft in the first degree, and violation of a protection order. The district court sentenced him to life without parole in the custody of the Department of Corrections (DOC) consecutive to twelve-year and one-year DOC sentences. Esparza appealed his judgment of conviction and a division of this court affirmed. See People v. Esparza, (Colo. App. No. 05CA1952, Apr. 30, 2009) (not published pursuant to C.A.R. 35(f)). ¶ 3 In 2014, Esparza filed a motion for return of certain property seized. This ultimately culminated in an appeal to a division of this court, which reversed and remanded with directions for the district court to determine if there was any pending litigation and if not, to make detailed factual findings concerning whether the prosecution had a continuing need to retain each of the seized items. See People v. Esparza, (Colo. App. No. 16CA1985, Oct. 26, 2017) (not published pursuant to C.A.R. 35(e)). 
2 ¶ 4 On remand, Esparza filed a motion requesting the return of the following seized property: (1) $9,300.00 in cash; (2) Baptismal Catholic records and certificates; (3) Catechism Catholic records and certificates; and (4) assorted family photos. The prosecution did not respond to Esparza’s motion, and the district court issued an order concluding that the prosecution’s silence indicated it no longer needed the requested property and ordered that the items be returned to Esparza’s representative. It appears that at least some of that property was returned to Esparza. ¶ 5 However, as part of his effort to retrieve the listed items, Esparza learned that the police department had seized and kept other property. Esparza then filed a motion requesting an itemized list of the property that was seized. After receiving the list, Esparza filed a new motion requesting return of the following property: • $160.15 in cash; • the victim’s diary; • a beige filing cabinet and its contents; • records from an upstairs office/den; • a Gateway computer; • computer discs and papers from an upstairs office/den; 
3 • a brown leather day planner; • a large book, a checkbook, and receipts from an upstairs office/den; • a checkbook, cards, and print-outs from a cardboard box in the office; • a two-drawer metal file cabinet and its contents; • computer discs; • two rolls of film; • all family photos; • the contents of a gray safe; • resume references and business cards from a master bedroom; • car rental paperwork; and • all financial, marital, and legal paperwork. ¶ 6 The prosecution objected to releasing the property, primarily on the ground that there is no time limit to challenge a conviction for a class 1 felony under section 16-5-402(1), C.R.S. 2023. In reply, Esparza acknowledged the lack of a time limit but argued that any appeal would be successive and subject to laches unless 
4 there was new evidence of his innocence. Esparza also argued that the prosecution’s failure to respond to his previous motion for return of property should bar its objection to this new motion. Esparza further argued that the property at issue was not used as evidence in his trial and that the prosecution previously agreed to release the victim’s diary to him. ¶ 7 The district court denied Esparza’s motion for return of the seized property based on “the posture of this case, the potential for further litigation, and the lack of a waiver . . . by [Esparza] to said further litigation.” This appeal followed. II. Analysis ¶ 8 Esparza contends that the district court erred by denying his motion for return of the seized property. We agree that Esparza is entitled to the return of his cash, but we must remand the case to the district court for detailed findings with respect to the remaining items. A. Standard of Review ¶ 9 We review a district court’s interpretation of legal questions regarding return of seized property de novo and defer to its factual determinations of ownership unless clearly erroneous. See United 
5 States v. Dean, 100 F.3d 19, 20 (5th Cir. 1996); see also People v. Fordyce, 705 P.2d 8, 9 (Colo. App. 1985) (credibility determinations are within the purview of the trial court and are binding on reviewing courts). ¶ 10 We liberally construe pro se pleadings so that litigants are not denied review of important issues based on their inability to articulate arguments like a lawyer. Jones v. Williams, 2019 CO 61, ¶ 5. B. The Record Does Not Support a Need to Retain All of the Seized Property ¶ 11 Esparza contends that the district court erred by denying the return of the seized property because (1) the seized property was not evidence at his trial; (2) a requirement that, to obtain the property, he waive his right to seek further postconviction review violates his due process rights; and (3) the prosecution could retain the property only if it initiated forfeiture proceedings. 1. The Prosecution Has Not Met its Burden to Show a Right to Retain All of the Seized Property ¶ 12 Esparza contends that the district court erred by denying his motion and adopting the prosecution’s argument that it had a continuing need for the seized property. This error is clear with 
6 respect to the $160.15 in cash. No reason was advanced for the court to refuse to return this cash. ¶ 13 “It is fundamental to the integrity of the criminal justice system that seized property against which the government has no claim must be returned to its lawful owner.” People v. Buggs, 631 P.2d 1200, 1201 (Colo. App. 1981). A defendant must make a prima facie showing that (1) he owned or otherwise is entitled to possess the requested property and (2) law enforcement seized the requested property as part of their case. Woo v. El Paso Cnty. Sheriff’s Off., 2022 CO 56, ¶ 45. A prima facie showing may be established through “[a] verified motion asserting that law enforcement took the requested property from the defendant at the time of his arrest,” “proof that law enforcement seized the requested property from the defendant,” or “the mandatory receipt documenting the property taken.” Id. If a defendant makes the prima facie showing, then the prosecution has the burden to demonstrate by a preponderance of the evidence that (1) the defendant is not the owner of the requested property or entitled to possess it; (2) the prosecution may need the requested property later, including during postconviction proceedings; or (3) based on 
7 any relevant factors, including the type of case and nature of the requested property, it would be inappropriate to grant the motion. Id. at ¶ 46; see also Fordyce, 705 P.2d at 9. ¶ 14 Here, it appears undisputed that the police collected the seized property at issue in connection with search warrants for Esparza’s case. Thus, a prima facie showing has been established that the property seized belonged to the defendant. See Woo, ¶ 45. However, we conclude the prosecution has not met its burden to show by a preponderance of the evidence that Esparza does not own the property, the seized property could be required for further postconviction proceedings, or there is some other reason the court should not return the property. See id. at ¶ 46. ¶ 15 Under section 16-5-402(1), any person convicted of a class 1 felony may collaterally attack their conviction at any time, which includes motions under Crim. P. 35. See People v. Robinson, 833 P.2d 832, 837 (Colo. App. 1992). We acknowledge that Esparza previously filed a direct appeal and a Crim. P. 35(c) motion, the denials of which were affirmed by divisions of this court. See Esparza, No. 05CA1952; People v. Esparza, (Colo. App. 10CA0540, Jan. 19, 2012) (not published pursuant to C.A.R. 35(f)). However, 
8 Esparza could still file a Crim. P. 35 motion based on an exception to the rule’s procedural bars or raise a Crim. P. 35(a) challenge.
1 ¶ 16 On appeal, the People argue that handwritten letters found in the safe and the victim’s emails to her coworkers might have evidentiary value at a second trial. They also contend that there “was a real dispute as to who owned” some of the seized items, and that it would be improper “to release the victim’s diary to her murderer.” But they say nothing about the remaining property. Regardless, the district court did not make any specific findings, even with respect to the letters, the emails, and the diary. ¶ 17 As a result, we cannot determine whether the prosecution is entitled to retain the property, except with respect to the cash recovered from Esparza at the time of his arrest. There does not appear to be any dispute that the cash belongs to Esparza, has no evidentiary value, and should not otherwise be retained by the government. 1 Esparza argued below that any postconviction challenge would be barred by the doctrine of laches, but he does not cite any case law, and we are not aware of any law, that laches could apply to bar a Crim. P. 35(a) claim. Cf. Robbins v. People, 107 P.3d 384, 390 (Colo. 2005) (concluding that laches bars Crim. P. 35(c) motions). 
9 ¶ 18 But as for the remaining property at issue, the district court must hold further proceedings, if necessary, and make detailed factual findings concerning whether the prosecution has met its burden to show its right to retain those items. We therefore conclude that the district court erred by denying Esparza’s motion without further inquiry into the prosecution’s reasons for retaining these items. 2. Esparza’s Remaining Arguments ¶ 19 Esparza contends that requiring him to waive further postconviction proceedings in return for release of the seized property violates his due process rights and that the prosecution could not retain the property unless it initiated forfeiture proceedings. In light of our disposition, we need not address these arguments. III. Disposition ¶ 20 We reverse the district court’s order and direct the district court to order the return of Esparza’s $160.15 in cash. We otherwise remand the case for further proceedings to consider what additional property, if any, should be returned to Esparza. JUDGE HARRIS and JUDGE LUM concur.