The **PEOPLE** of the State of Colorado, Petitioner,

v.

Gail **MILTON**, Respondent.

No. 92SC593.

Supreme Court of Colorado, En Banc.

Dec. 6, 1993.

Rehearing Denied Jan. 10, 1994.

---

**6.** We do not suppose, however, that Montoya believed his violation of probation would engender no response.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen., Robert Mark Russel, First Asst. Atty. Gen., Mary E. Ricketson, Sp. Asst. Atty. Gen., Denver, for petitioner.

David F. Vela, State Public Defender, Samuel Santistevan, Deputy State Public Defender, Denver, for respondent.

Justice LOHR delivered the Opinion of the Court.

We granted certiorari to determine whether the Colorado Court of Appeals erred in reversing the judgment of conviction of the defendant, Gail Milton, based on the district court's incomplete advisement concerning the defendant's right to testify at trial. *See People v. Milton*, No. 90CA1474 (Colo.App. July 2, 1992). We affirm the judgment of the court of appeals.

## I.

The defendant was charged in Denver District Court with crimes arising out of an altercation among the defendant and two other women. One of those women died, and the other was injured, as a result of gunshot wounds inflicted by the defendant. After a jury trial ended in a mistrial because of the inability of the jurors to reach unanimous verdicts, the defendant was retried to a second jury. The defendant did not testify, and the jury returned verdicts of guilty to the crimes of reckless manslaughter [1] as to the first victim and second degree assault [2] as to the other. The district court imposed sentences and entered a judgment of conviction.

On appeal, the defendant asserted several errors including the failure of the district court to advise her adequately of her right to testify and the failure to obtain a waiver of that right, contrary to the requirements of *People v. Curtis*, 681 P.2d 504 (Colo.1984). The court of appeals held that reversal was required because the advisement was incomplete and inadequate and that therefore it was unnecessary to address the issue of waiver. The court of appeals accordingly reversed the judgment and remanded the case for a new trial. We granted certiorari to review that decision.

## II.

 In *People v. Curtis*, we held that a defendant in a criminal case has a right to testify in his own defense and that the right has its source in the due process clauses of the United States and Colorado Constitutions. *Id.* at 509–10 (citing U.S. Const., amend. XIV; Colo. Const., art. II, § 25). We further recognized that a defendant's right to testify is so fundamental that it is "excluded from the group of

---

1. § 18–3–104(1)(a), 8B C.R.S. (1986).

2. § 18–3–203(1)(d), 8B C.R.S. (1986).

constitutionally based rights that defense counsel can elect to exercise or waive on behalf of the accused." *Id.* at 512. Waiver of a fundamental right must be "voluntary, knowing and intentional," *id.* at 514, and courts "indulge every reasonable presumption against waiver," *id.* (citing *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938)). In general, the burden is on the prosecution to show effective waiver of a fundamental right. *Tyler v. People,* 847 P.2d 140, 143 (Colo.1993); *Curtis,* 681 P.2d at 515 n. 16 (citing *Barker v. Wingo,* 407 U.S. 514, 529, 92 S.Ct. 2182, 2191, 33 L.Ed.2d 101 (1972)).[3]

■ In order to effect a voluntary, knowing, and intentional waiver of the right to testify, an accused "must be aware that he has a right to testify, he must know of the consequences of testifying, and he must be cognizant that he may take the stand notwithstanding the contrary advice of counsel." *Curtis,* 681 P.2d at 514; *accord Tyler,* 847 P.2d at 142; *Roelker v. People,* 804 P.2d 1336, 1338 (Colo.1991). As in the case of waiver of the right to counsel, *see Johnson v. Zerbst,* 304 U.S. at 465, 58 S.Ct. at 1023, the trial court has the " 'serious and weighty responsibility' of ascertaining whether there is an intelligent and competent waiver of such a right by the accused." *Curtis,* 681 P.2d at 514 (quoting *Johnson v. Zerbst,* 304 U.S. at 465, 58 S.Ct. at 1023). We have consistently recognized that *Curtis* requires the trial court to ensure that the defendant's waiver of his right to testify is "intelligently and competently made." [4] *People v. Chavez,* 853 P.2d 1149, 1153 (Colo.1993); *accord Tyler,* 847 P.2d at 142, 143; *Roelker,* 804 P.2d at 1338.

In *Curtis,* we held that certain "procedural safeguards are necessary to ensure that the defendant understands the significance of waiver of [the right to testify]," 681 P.2d at 514, and stated:

A trial court exercising appropriate judicial concern for the constitutional right to testify should seek to assure that waiver is voluntary, knowing and intentional by advising the defendant outside the presence of the jury that he has a right to testify, that if he wants to testify then no one can prevent him from doing so, that if he testifies the prosecution will be allowed to cross-examine him, that if he has been convicted of a felony the prosecutor will be entitled to ask him about it and thereby disclose it to the jury, and that if the felony conviction is disclosed to the jury then the jury can be instructed to consider it only as it bears upon his credibility. In connection with the privilege against self-incrimination, the defendant should also be advised that he has a right not to testify and that if he does not testify then the jury can be instructed about that right.

*Id.* (footnote and citation omitted).

In later cases as well, we have stated that such an advisement is required. *Chavez,* 853 P.2d at 1151; *Tyler,* 847 P.2d at 142; *Roelker,* 804 P.2d at 1338. We have explicitly recognized, however, that *Curtis* does not prescribe a "litany or formula which must be followed in advising the defendant of his right to testify." *Chavez,* 853 P.2d at 1152. The advisement, nevertheless, must include the *Curtis* elements. *Id.*

■ In the present case, after the prosecution rested, the district court advised the defendant as follows and received the following response:

> United States Supreme Court have used various formulations in identifying the mental state requisite to effective waiver of constitutional rights. The decisions sometimes describe that mental state as "voluntarily, knowingly and intentionally," at other times as "voluntarily, knowingly and intelligently," and yet again as "intelligent and competent." This does not exhaust the list. *Id.* As we noted in *Mozee,* "[t]here is no indication in the cases that different standards are intended by the use of different terms." *Id.*

**3.** In *Curtis* we held that the initial burden is on the prosecution to establish a prima facie case of waiver, after which the defendant must present evidence from which it could reasonably be inferred that the waiver was not voluntary, knowing, and intentional. The ultimate burden of persuasion on waiver of a fundamental right remains with the prosecution. *See Curtis,* 681 P.2d at 515 n. 16.

**4.** As we noted in *People v. Mozee,* 723 P.2d 117, 121 n. 4 (Colo.1986), both this court and the

THE COURT: Okay, Miss Milton, I'm going to give you another Curtis advisement. As I told you in April,[5] under the Constitution of the United States and the Constitution of Colorado, you have the right to testify if you want to. You also have the right, under those Constitutions, not to testify. If you do testify, the district attorney will be allowed to cross-examine you. Further, you should understand that although you have consulted with your attorneys at the first trial and again and listened to their advice, whether or not you testify is entirely your decision and your decision alone.

Do you understand that again?

THE DEFENDANT: Yes.

THE COURT: All right.

The court made no mention of the consequences of testifying or not testifying as contemplated by *Curtis.* The defense then called two witnesses and rested its case. The prosecution presented no rebuttal case. At no time during the trial did the court inquire of the defendant whether she wished to take the stand, and she made no statement on the record at any time concerning whether she wanted to testify. The district court did not address the issue of the waiver of the defendant's right to testify.

On appeal, the defendant asserted reversible error based on the failure of the district court to give her a complete and adequate advisement concerning her right to testify, as mandated by *Curtis.* The court of appeals reviewed the advisement and agreed. It stated:

Here, the trial court did not provide defendant with sufficient information to understand the significance of the election to testify or not to testify because it failed to advise defendant that her prior

convictions could be used by the prosecution to impeach her testimony. It further failed to state that if defendant did choose to testify, the jury would be instructed regarding the limited use of the impeachment evidence. Likewise, the trial court failed to inform defendant that if she chose not to testify, then the jury would be instructed concerning her right against self-incrimination.

. . . . .

In our view, greater particularity and substantiation was necessary in the advisement here to comply with *Curtis* and thus to provide assurance that defendant understood the constitutional right to testify and the consequences of testifying. Failure to observe such constitutional right is reversible error. *People v. Chavez,* [853 P.2d 1149 (Colo.1993)].

*Milton,* No. 90CA1474, slip op. at 2–3.

We agree. Although *Curtis* prescribes no formula, it does specifically identify the elements of the requisite advisement. *Chavez,* 853 P.2d at 1152. And, as earlier noted, we have repeatedly stated that the advisement contemplated by *Curtis* is required. *Chavez,* 853 P.2d at 1151;[6] *Tyler,* 847 P.2d at 142; *Roelker,* 804 P.2d at 1338. Such an advisement is essential to discharge the serious and weighty responsibility of the trial court to assure that a defendant's decision to waive the fundamental right to testify is voluntary, knowing, and intelligent and is not prompted by mistaken impressions or ignorance. *See Curtis,* 681 P.2d at 514. Absent an adequate advisement, a defendant's waiver of the right to testify, though perhaps voluntary, cannot be knowing and intelligent. *Chavez,* 853 P.2d at 1153. Such an advisement also serves "to preclude postconviction disputes

---

5. The record reflects no prior *Curtis* advisement in the course of the second jury trial. The court's reference to an April advisement clearly indicates that it was referring to an advisement given at the first trial, which ended in a mistrial. The transcript of proceedings of that trial is not part of the record on this appeal. The prosecution does not argue that the contents of any prior advisement can be relied on to supply the elements missing from the advisement during the second trial.

6. *Chavez* directly addressed the adequacy of a *Curtis* advisement and found it wanting. Although the advisement at issue in that case was affirmatively misleading as well as incomplete and thus presented a stronger case for reversal than the advisement we are now addressing, our central holding in that case was a statement of adherence to the *Curtis* advisement requirement. *Chavez,* 853 P.2d at 1153.

between defendant and counsel over the issue [of knowing and intelligent waiver], and to facilitate appellate review." *Curtis*, 681 P.2d at 515.

The prosecution argues, however, that the advisement substantially complied with *Curtis* and was adequate because the missing information would tend to discourage a defendant from testifying and here the defendant elected not to testify.[7] We disagree with this argument. One of the purposes of *Curtis* is to eliminate speculation as to what a particular defendant might believe to be the salient consequences of testifying and to provide accurate information concerning those consequences. Thus, a defendant is to be advised that in the event he testifies, the prosecution has the right to cross-examine and to present evidence of prior felonies. He is also to be advised, however, that the jury can be instructed to consider any such felonies only for purposes of impeachment. The advisement required by *Curtis* and our subsequent cases eliminates the need for speculation or further proceedings to determine what a defendant may have believed to be the consequences of exercising the fundamental due process right to testify in his own behalf. As we held in *Chavez*, absent an adequate advisement any purported waiver of that right by the defendant does "not demonstrate a knowing and intelligent waiver of his right to testify." *Id.*, 853 P.2d at 1153.

In *Chavez* we also rejected the prosecution's suggestion that a defendant must prove he was prejudiced by an inadequate advisement in order to prevail. We held that "[t]his is clearly contrary to the *Curtis* advisement requirement, which we have repeatedly affirmed." *Chavez*, 853 P.2d at 1153 (citing *Tyler*, 847 P.2d at 142, and *Roelker*, 804 P.2d 1336, as supportive).

As we held in *Chavez*, and reiterate here, "[w]e adhere to the *Curtis* advisement requirement." *Chavez*, 853 P.2d at 1153.

We affirm the judgment of the court of appeals.

VOLLACK, J., dissents, and ROVIRA, C.J., and ERICKSON, J., join in the dissent.

Justice VOLLACK dissenting:

The majority finds that, because the district court improperly advised the defendant about her right to testify at trial, her waiver of that right was not knowing and intelligent. I disagree with the majority's conclusion because I believe that the district court's advisement satisfied the requirements and the underlying purpose of *People v. Curtis*, 681 P.2d 504 (Colo.1984), and its progeny. I dissent.

I.

*Curtis* requires the trial judge to "ensure [that] the defendant's waiver of his right to testify is intelligently and competently made." *Roelker v. People*, 804 P.2d 1336, 1338 (Colo.1991). Under *Curtis*, a trial judge, outside the presence of the jury, must advise a defendant as follows:

---

7. The Colorado Court of Appeals has issued opinions, decided by different panels, both accepting and rejecting an argument that failure to advise a defendant of the disadvantages of testifying is not reversible error when the defendant does not testify. The argument was accepted in *People v. Barros*, 835 P.2d 587, 590 (Colo. App.1992) (absent contention of defendant that he lacked knowledge of the disadvantages of testifying or that his decision would have been different if he had been advised on the record concerning those disadvantages, failure to give a complete *Curtis* advisement describing the consequences of testifying is not reversible); *People v. Lindsey*, 805 P.2d 1134, 1139 (Colo.App.1990) (failure of trial court to describe the advantages and disadvantages of testifying does not rebut prosecution's prima facie case of waiver absent evidence that the defendant lacked knowledge of those matters, that his decision would have been different if he had been more fully advised, or that he had a dispute with his attorney as to whether he would testify); *People v. McMullen*, 738 P.2d 23, 24 (Colo.App.1986) (same as *Barros*). The argument was rejected, however, in *People v. Chavez*, 832 P.2d 1026, 1028–29 (Colo.App.1992), *aff'd, People v. Chavez*, 853 P.2d 1149 (Colo.1993), and in the present case, *People v. Milton*, No. 90CA1474 (Colo.App. July 2, 1992). To the extent *Barros, Lindsey*, and *McMullen* are predicated on the absence of a showing of prejudice, we rejected that argument in *Chavez*, 853 P.2d at 1153. To the extent that the rationale of those court of appeals cases is inconsistent with our holding today, we overrule those cases.

[T]hat he has a right to testify, that if he wants to testify then no one can prevent him from doing so, that if he testifies the prosecution will be allowed to cross-examine him, that if he has been convicted of a felony the prosecutor will be entitled to ask him about it and thereby disclose it to the jury, and that if the felony conviction is disclosed to the jury then the jury can be instructed to consider it only as it bears upon his credibility.

*Curtis,* 681 P.2d at 514. However, neither *Curtis* nor any of its progeny have stated precisely the requirements that would establish a valid waiver of a defendant's right to testify. We have repeatedly declined to mandate specific requirements that a trial court must follow. *See, e.g., Roelker,* 804 P.2d 1336; *Tyler v. People,* 847 P.2d 140 (Colo.1993). Indeed, as the majority opinion states, "We have explicitly recognized ... that *Curtis* does not prescribe a 'litany or formula which must be followed in advising the defendant of his right to testify.'" Maj. op. at 1099 (quoting *People v. Chavez,* 853 P.2d 1149, 1152 (Colo.1993)).

## II.

The advisement given to defendant Milton by the trial court is set out in the majority opinion. The majority affirms the court of appeals' decision that the trial court erred because the trial court

failed to advise defendant that her prior convictions could be used by the prosecution to impeach her testimony. It further failed to state that if defendant did choose to testify, the jury would be instructed regarding the limited use of the impeachment evidence. . Likewise, the trial court failed to inform defendant that if she chose not to testify, then the jury would be instructed concerning her right against self-incrimination.

Maj. op. at 1100 (quoting *People v. Milton,* No. 90CA1474, slip op. at 2–3 (Colo.App. July 2, 1992)). Counsel for Milton did not object to the content of the advisement when it was given. Milton was convicted by a jury of reckless manslaughter and second degree assault. She appealed her convictions, contending that her waiver of her right to testify was not knowing, intelligent, and voluntary because the trial court did not advise her that her prior convictions could be used by the prosecution to impeach her. She posits that her waiver was also invalid because she was not informed by the trial court that, if she did testify, the jury would be instructed to consider the evidence of her prior felony conviction only to judge her credibility. Further, she contends, the trial court should have told her that, if she chose not to testify, the jury would be instructed that this decision was not to affect their deliberations.

Milton contends that her waiver was not knowing, intelligent, and voluntary, and the record does not indicate why she decided not to testify. Nowhere does she assert, however, that her decision whether to testify was even affected by the information she was given—or not given—by the trial court in its *Curtis* advisement. Milton merely maintains that the reversal of her criminal convictions is warranted on the ground that the trial judge failed to deliver a technically perfect advisement, and not on the ground that she would have made a different decision regarding the right to testify had the advisement been more complete. In analyzing Milton's decision not to testify, it is difficult to understand how the additional information—that her prior conviction could be used in cross-examining her, but only for impeachment purposes—would have changed her mind *in favor of* testifying. More likely it would have *reinforced* her decision *not* to testify.

Even if Milton had decided to testify, her prior felony conviction would have carried little weight for impeachment purposes. The only felony conviction on her record is one for larceny, which occurred twenty-one years before her trial in this case.[1] Clearly, if a defendant had no prior felony conviction, we would not require that the trial

---

1. Reference to such a conviction is allowable in a criminal trial under § 13–90–101, 6A C.R.S. (1987).

judge include in a *Curtis* advisement the prosecution's ability to use a prior conviction to impeach. Similarly, here, because of the insignificance of a twenty-one-year-old conviction, Milton's *Curtis* appeal should not succeed solely because she was not advised on the prosecution's potential use of that conviction.

The majority cites *Chavez*, stating that "*Curtis* does not prescribe a 'litany or formula which must be followed in advising the defendant of his right to testify.'" Maj. op. at 1099 (quoting *Chavez*, 853 P.2d at 1152). Ironically, that is exactly what the majority opinion prescribes. Taken together with other recent cases decided by this court, the majority encourages trial judges to resort to a ritualistic formula to meet the standards we established in *Curtis*. If this court is of the opinion that *Curtis* advisements must be delivered without technical error, then it should set forth a precise statement that trial judges must convey to a defendant. If it declines to set forth such a statement, advisements that fulfill the spirit of *Curtis* should not result in reversals.

### III.

I find that the advisement given in this case, where the trial judge informed Milton that she had a right to testify, that the decision was hers alone, and that, if she did testify, the district attorney would be able to cross-examine her, meets the procedural standards of *Curtis* and its progeny. Arguments about the technical wording of an advisement, alone, presented for the first time on appeal and unaccompanied by contentions that the defendant did not know she might be impeached by her prior felony conviction, or that she would have decided to testify if she had received the warning, should not amount to reversible error. Further, even if we were to require the trial judge to specifically inform the defendant that she would be cross-examined about prior felony convictions, the failure of the judge to do so in this case, where the felony conviction in question was twenty-one years old, was at worst harmless error. I dissent.

I am authorized to say that Chief Justice ROVIRA and Justice ERICKSON join in this dissent.