The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Isaac **BANKS**, Defendant–Appellant.

No. 95CA0114.

Colorado Court of Appeals, Div. I.

March 21, 1996.

As Modified on Denial of Rehearing April 18, 1996.*

Certiorari Denied Oct. 15, 1996.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Clement P. Engle, Senior Asst. Atty. Gen., Denver, for Plaintiff-Appellee.

Chambers, Dansky & Hansen, P.C., David J. Dansky, Denver, for Defendant-Appellant.

Opinion by Chief Judge STERNBERG.

Defendant, Isaac Banks, appeals the denial of his motion for post-conviction relief pursuant to Crim. P. 35(c). We affirm.

Defendant was convicted at trial of attempted first degree murder, attempted aggravated robbery, and first degree assault. Defendant appealed that judgment of conviction and a division of this court affirmed. *People v. Banks,* (Colo.App. No. 88CA0049, August 9, 1990) (not selected for official publication).

Defendant thereafter initiated this Crim. P. 35(c) action arguing that, pursuant to *People v. Curtis,* 681 P.2d 504 (Colo.1984), he was not properly advised of his right to testify. Defendant also claimed that the trial court had violated § 18–1–408(3), C.R.S. (1986 Repl.Vol. 8B), by imposing consecutive sentences for convictions supported by identical evidence. After conducting a hearing, the trial court denied defendant's motion based on its conclusion that defendant was procedurally barred from pursuing the claims because they had been fully litigated in the original appeal.

### I.

Defendant concedes that he challenged the sufficiency of his *Curtis* advisement in the original appeal but contends that the trial court wrongly concluded that, despite a subsequent change in the law, he could not relitigate the claim. We disagree.

At the time of defendant's original appeal, our supreme court had established that a trial court must seek to assure that a defendant's waiver of the right to testify is voluntary, knowing, and intentional. *People v. Curtis, supra.* Further, it had held that, in order for a defendant to make the decision about whether to testify in a manner which meets constitutional standards, he must be advised on the record:

[t]hat he has a right to testify, that if he wants to testify then no one can prevent him from doing so, that if he testifies the prosecution will be allowed to cross-examine him, that if he has been convicted of a felony the prosecutor will be entitled to ask him about it and thereby disclose it to the jury, and that if the felony conviction is disclosed to the jury then the jury can be instructed to consider it only as it bears upon his credibility.... [T]he defendant

should also be advised that he has a right not to testify and that if he does not testify then the jury can be instructed about that right.

*People v. Curtis, supra,* 681 P.2d at 514.

After defendant's appeal had already been decided, the supreme court decided *People v. Milton,* 864 P.2d 1097, 1101 (Colo.1993), holding that "a defendant is to be advised that in the event he testifies, the prosecution has the right to cross-examine and to present evidence of prior felonies. He is also to be advised, however, that the jury can be instructed to consider any such felonies only for purposes of impeachment."

Here, defendant was fully advised pursuant to *Curtis* except that he was not advised that the jury's consideration of his prior felony conviction could be limited to impeachment of his credibility. In defendant's original appeal he argued that the trial court had not fully advised him pursuant to *Curtis* because the court only told him of the possibility of impeachment with a prior felony conviction and "did not further explain the consequences of testifying." A division of this court rejected defendant's claim, ruling that the trial court had substantially complied with the requirements of *Curtis. People v. Banks, supra.*

■ The People agree that, if *Milton* controls, then the omission of any advisement concerning the limitation on impeachment use of defendant's prior felony would constitute reversible error. However, the People contend that defendant is barred from relitigating the claim and that *Milton* does not apply retroactively. We agree.

■ In seeking to litigate this claim a second time, defendant relies solely on the fact there has been an "intervening change in the law." However, relitigation of a claim based on a change of law is specifically prohibited in a post-conviction proceeding once a judgment of conviction has been affirmed upon appeal. Section 18–1–410(1)(f)(II), C.R.S. (1986 Repl.Vol. 8B); *see also People v. Billips,* 652 P.2d 1060 (Colo.1982) (error may be raised in a post-conviction proceeding after an unsuccessful appeal so long as it was not raised and resolved in the earlier appeal).

Moreover, because the *Curtis* advisement requirement was not given retroactive effect when first announced, *see People v. Curtis, supra,* we conclude that the supreme court's subsequent refinements to *Curtis* must be similarly restricted.

Accordingly, we conclude that the trial court correctly ruled that defendant was precluded from re-litigating this claim.

## II.

Defendant next contends that the trial court erred by refusing to review his claim that the sentencing court violated § 18–1–408(3) by imposing consecutive sentences for convictions supported by identical evidence (attempted first degree murder and first degree assault). He argues that, in his initial appeal, his contention was only that the sentence imposed was the result of an abuse of discretion. He notes that the division of this court that heard defendant's appeal rejected the claim, *see People v. Banks, supra,* and that, by contrast, in this post-conviction proceeding defendant is for the first time putting forward a distinct and different argument that imposition of consecutive sentences was prohibited by § 18–1–408(3). Therefore, he argues that the trial court erred in ruling that he was procedurally barred from pursuing this claim. We are not persuaded.

The trial court ruled that defendant's claim was procedurally barred because it was available for review on direct appeal and was similar to a claim he did raise on direct appeal. Defendant argues that the prohibition against raising successive applications for "similar relief based upon the same or similar allegations ... " as set forth in Crim. P. 35(c)(3) is inapplicable because the current claim is neither the same claim raised on direct appeal nor a similar one.

■ However, even if we assume the correctness of this distinction, this claim of statutory violation in imposition of consecutive sentences was available to defendant to be raised on his direct appeal. Accordingly, since it was not presented in that proceeding, it is barred. *See People v. Rodriguez,* 914

P.2d 230 (Colo.1996). Thus, the trial court properly dismissed the claim.

The order is affirmed.

METZGER, J., concurs.

TURSI, J.**, concurs in part and dissents in part.

Judge TURSI concurring in part and dissenting in part.

I respectfully concur in part and dissent in part.

Because *People v. Milton, supra* merely restated and followed *People v. Curtis, supra,* I am unpersuaded that *Milton* was an "intervening change in the law." Therefore, I concur in Part I of the majority opinion.

For reasons set forth herein, I dissent to Part II of the majority opinion. Initially, I agree with the contention of the defendant and the assumption, arguendo, of the majority that the issue of sentencing violation pursuant to § 18–1–403(3), C.R.S. (1986 Repl. Vol. 8B), a distinct and different argument, is being put forth for the first time. Nor do I dispute that § 18–1–403 was available for review in the direct appeal.

However, by affirming an apparently valid challenge to an illegal sentence, we invite further Crim. P. 35(c) motions based on ineffective assistance of counsel and, therewith, a waste of judicial time and money. *See People v. Page,* 907 P.2d 624 (Colo.App.1995).

Therefore, I would either reverse and remand to the trial court to determine whether the consecutive sentences did, in fact, violate § 18–1–403(3) e.g. *People v. Bastardo,* 646 P.2d 382 (Colo.1982), or address defendant's contention in Part II on its merits.