The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Che J. BACHICHA, Defendant–Appellant.

No. 94CA1823.

Colorado Court of Appeals,
Div. II.

Sept. 5, 1996.

As Modified on Denial of Rehearing
Dec. 5, 1996.

Certiorari Denied Aug. 11, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Sandra K. Mills, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Elizabeth Griffin, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, Che Bachicha, appeals the judgment entered on a jury verdict finding him guilty of second degree burglary. We reverse and remand for a new trial.

In February 1994, police officers discovered defendant, who was intoxicated, inside a closed restaurant. Defendant asserted that he had been attacked outside the restaurant by an unknown assailant and that, during the attack, the window of the restaurant had been broken. Defendant maintained that he entered the restaurant through the window to escape his assailant and, while doing so, fell onto the cash register and set off an alarm, thereby alerting police.

In July 1994, defendant was tried and the jury was instructed on second degree burglary, the lesser-included offense of second degree criminal trespass, and theft.

Concerning the lesser-included offense, the jury was instructed as follows:

If you are not satisfied beyond a reasonable doubt that the Defendant is guilty of the offense charged, he may, however, be found guilty of any lesser offense.

During its deliberations, the jury sent the court a note which read:

We are deadlock (sic) on the first charge: Second Degree Burglary[.] Is it legal to move to the lesser charge at this time[?]

The trial court responded, in relevant part:

As indicated at the bottom of instruction # 9, after considering all of the evidence if you decide the prosecution has failed to prove any of the elements beyond a reasonable doubt, you should find the defendant not guilty of second degree burglary. After considering all of the evidence, if you decide the prosecution has proven each of the elements beyond a reasonable doubt you should find the defendant guilty of second degree burglary.

As indicated in instruction # 14, the verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

The defendant objected to the trial court's response and argued that the trial court should instead have answered the jury's question in the affirmative. The conviction here at issue followed.

Defendant contends that the trial court committed reversible error by implying to the jury that it could not consider the lesser-included offense until it unanimously agreed to acquit defendant of the greater offense. We agree.

We note that defendant does not contend that the original instruction concerning the lesser-included offense, a verbatim recitation of *COLJI–Crim.* No. 38:06 (1983), constituted error. The substance of that pattern instruction was approved by our supreme court in *People v. Padilla*, 638 P.2d 15 (Colo. 1981) in which the court concluded that the instruction does not require "a unanimous decision on the greater offense before consideration of the lesser." *People v. Padilla*, *supra*, 638 P.2d at 18.

■ A criminal defendant is entitled to a jury instruction on a lesser-included offense when a jury could entertain a reasonable doubt of the defendant's guilt of the greater offense but also be convinced, beyond a reasonable doubt, of defendant's guilt of the

lesser-included offense. *Bowers v. People,* 617 P.2d 560 (Colo.1980).

■ When a jury inquires about the meaning of a particular jury instruction, the court should provide a supplemental instruction sufficient to clarify the jury's uncertainty. A jury should be referred back to the original instructions only when it is clear that it has overlooked some portion thereof or when the instructions clearly answer the inquiry. *Leonardo v. People,* 728 P.2d 1252 (Colo.1986).

■ We conclude that, here, the trial court's supplemental instruction constituted reversible error. The trial court's direction that the jury's verdict be unanimous and its reference in the supplemental instruction to the original instruction requiring a unanimous verdict of guilt or acquittal erroneously implied to the jury that it would have to acquit defendant of the greater offense by a unanimous vote before it could consider the lesser-included offense. *See People v. McGregor,* 635 P.2d 912 (Colo.App.1981) (unanimous acquittal of greater offense not required before the jury can consider lesser-included offense and submission of an instruction indicating otherwise may constitute reversible error).

We do not read *People v. Lewis,* 676 P.2d 682 (Colo.1984) as dispositive here. In *Lewis* the jury was deadlocked in its deliberation between a greater or lesser charge. Here, the jury asked if it would be appropriate to consider a lesser charge after the jury had determined it was deadlocked in its deliberation on the greater charge.

We note that the better practice would have been for the trial court to answer "yes" to the jury's question or, without any reference to instruction fourteen, to refer the jury to instruction eleven which provided that if the jury was not satisfied beyond a reasonable doubt of defendant's guilt of the greater offense, it could then consider the lesser-included offense.

In light of our conclusion that the trial court's supplemental instruction constitutes reversible error, we do not address defendant's remaining contentions.

The judgment is reversed, and the cause is remanded for a new trial.

PLANK and MARQUEZ, JJ., concur.