The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Stanton P. HARDING, Defendant–Appellant.

No. 96CA1749.

Colorado Court of Appeals, Div. I.

Sept. 17, 1998.

Rehearing Denied Nov. 19, 1998.

Certiorari Granted Aug. 30, 1999.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Peter J. Cannici, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Ann M. Roan, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge JONES.

Defendant, Stanton Harding, appeals the judgments of conviction and one of the sentences entered upon jury verdicts finding him guilty of third degree sexual assault by the use of force, third degree assault, and commission of a crime of violence. We affirm.

I.

Defendant first contends that the trial court erred in allowing evidence of prior bad acts to be admitted. Specifically, he argues that the subject evidence was improperly admitted because, contrary to the requirements of *People v. Spoto*, 795 P.2d 1314, 1319 (Colo.1990), the prosecution failed to articulate a "precise evidential hypothesis by which a material fact can be permissibly inferred from the prior [misconduct] independent of the [inference prohibited] by CRE 404(b)." We perceive no error.

At a hearing on the prosecution's motion to introduce the similar transaction evidence,

the prosecutor stated that he was offering the evidence to establish identity, guilty knowledge, intent, design, and motive. Defendant, therefore, was on notice of the permissible purposes for which the prosecutor was proffering the evidence. Indeed, the record indicates that defense counsel objected to the evidentiary hypotheses, arguing that identity was the only relevant basis for admitting the evidence. Accordingly, defendant's claim, that the prosecutor failed to comply with the procedural requirements of *Spoto*, cannot stand.

## II.

Defendant also contends that the trial court failed properly to advise him with respect to his decision whether to testify at trial. We find no reversible error.

■ A trial court must seek to assure that a defendant's waiver of the right to testify is voluntary, knowing, and intentional. *People v. Curtis*, 681 P.2d 504 (Colo.1984).

Further, in order to meet constitutional standards with respect to a defendant's decision concerning whether to testify, the court must advise the defendant, on the record:

[t]hat he has a right to testify, that if he wants to testify then no one can prevent him from doing so, that if he testifies the prosecution will be allowed to cross-examine him, that if he has been convicted of a felony the prosecutor will be entitled to ask him about it and thereby disclose it to the jury, and that if the felony conviction is disclosed to the jury then the jury can be instructed to consider it only as it bears upon his credibility. . . . [T]he defendant should also be advised that he has a right not to testify and that if he does not testify then the jury can be instructed about that right.

*People v. Curtis, supra*, 681 P.2d at 514.

■ No precise litany must be followed in advising a defendant of his or her right to testify. However, the advisement must include all of the elements set out in *Curtis*. *People v. Milton*, 864 P.2d 1097 (Colo.1993).

■ Generally, "courts indulge every reasonable presumption against waiver." *Peo-*

*ple v. Curtis, supra*, 681 P.2d at 515. However, if a trial court applies correct standards, makes necessary findings to establish a waiver, and evidence exists to support those findings, then the trial court's finding of waiver will not be disturbed on review. *People v. Gray*, 920 P.2d 787 (Colo.1996).

■ Here, the trial court did err by informing the defendant that the jury would be instructed to consider his prior felony convictions for the limited purpose of impeaching his "character," rather than his "credibility." Yet, despite the trial court's incorrect terminology, defendant was informed of all the required elements under *Curtis* in an otherwise thorough advisement.

Thus, the circumstances in this case are unlike those in cases in which reversal was required because the court failed to inform the defendant of a *Curtis* element. *See People v. Chavez*, 853 P.2d 1149 (Colo.1993)(conviction reversed because defendant was not informed as to limited evidentiary use of his prior felony convictions); *People v. Milton, supra* (same). Under the circumstances in those cases, the absence of an instruction regarding the limited evidentiary use for prior felony convictions left the impression that the prior convictions could be used as substantive evidence. Defendant here, however, was properly informed that the jury would be instructed as to the limited purpose for which the jury could consider his previous convictions.

Therefore, the circumstances in this case are more like those in *People v. Gray, supra*, and *People v. Deskins*, 927 P.2d 368 (Colo. 1996). In both of those cases, the court found that, although the advisement could have been more precise, the advisement given was adequate because it informed the defendant that his prior felonies could by raised by the prosecution "only for the limited purpose of impeachment." *See People v. Gray, supra*, 920 P.2d at 791; *People v. Deskins, supra*; *cf. People v. Milton, supra*; *People v. Chavez*, supra.

As in *Gray* and *Deskins*, the trial court's advisement here complied with the underlying policy of *Curtis* by informing defendant

that a consequence of testifying would be impeachment with prior convictions.

Furthermore, the record indicates that defendant discussed the issue of testifying with his attorney and considered her advice. Thus, the thoroughness of the trial court's advisement, along with defense counsel's additional discussion, persuades us that there is little probability that the trial court's inadvertent substitution of the word "character" for the word "credibility" drove defendant to make a decision concerning whether to testify that he otherwise would not have made.

Under these circumstances, where the advisement substantially complied with the requirements of *Curtis,* we hold that it was adequate to assure that defendant knowingly, voluntarily, and intentionally waived his right to testify. *See People v. Deskins, supra.*

### III.

Defendant next contends that the trial court failed to respond adequately to the jury's inquiry regarding the evidentiary value of the similar transaction evidence. We find no error.

Prior to the admission of the similar transaction evidence, and again in the written instructions, the trial court instructed the jurors that they were to consider the evidence of defendant's prior bad acts only for the limited purpose of establishing identity.

During deliberations, the jury sent the trial court the following written question:

In the situation of the witness [A.P.] could you define "purely for identification purposes" for us. (sic) Are we to consider the relationship of this charge to the past act?

In response to the jury's question, the court gave the following instruction:

You may consider the evidence of the incident involving [A.P.] for the sole purpose of determining whether the defendant's identity has been proved beyond a reasonable doubt as the person who committed the crimes charged in this case.

■ Defendant contends that the trial court's response was inadequate because it failed to inform the jury that it could not use the similar transaction evidence to infer that

defendant had a propensity to commit sexual assaults. We disagree with defendant.

■ When a jury inquires about the meaning of a particular instruction, the court should provide a supplemental instruction sufficient to clarify the jury's uncertainty. A jury should be referred back to the original instructions only when it is clear that it has overlooked some portion thereof or when the instructions clearly answer the inquiry. *Leonardo v. People,* 728 P.2d 1252 (Colo.1986); *People v. Bachicha,* 940 P.2d 965 (Colo.App. 1996).

Here, the trial court responded to the jury's question by informing it of the sole purpose for which it could consider the evidence. Therefore, contrary to defendant's contention, the jurors were made aware that they could not use the evidence to infer that defendant had the propensity to commit bad acts because, according to the court's instructions, that was an improper purpose for consideration. Further, the court clarified its earlier instructions by explaining what the phrase "for identification purposes" meant in the context of this case. Thus, the instruction given was sufficient to vitiate the jury's uncertainty, and did not constitute error.

### IV.

■ Defendant's final contention is that the trial court abused its discretion in sentencing him to the maximum aggravated term of sixteen years. We disagree.

■ Sentencing is discretionary, and in order for a sentence to constitute an abuse of discretion, it must be manifestly arbitrary, unreasonable, or unfair. *People v. Hughes,* 946 P.2d 509 (Colo.App.1997).

■ Absent a showing that the court's wide latitude in sentencing was marred by a clear abuse of discretion, a sentencing decision will not be reversed on appeal. *People v. Lowery,* 642 P.2d 515 (Colo.1982).

In imposing defendant's sentence, the trial court stated that its primary considerations were, "a need to provide [a] sense of security for the community and [to] preclude the opportunity for [defendant to victimize] another ...." The trial court noted that, at the

time defendant had committed the assault in this case, he was on probation for a previous sexual assault of another woman.

In addition, it referred to the presentence report which indicated that defendant had been involved with a woman in a third incident that, factually, constituted a third degree sexual assault. These previous assaults, along with evidence from defendant and the presentence report, persuaded the trial court that defendant is a sexual predator who would, if given the opportunity, continue his behavior in the future.

Accordingly, because the sentence was based on appropriate reasons which are supported by the record, it will not be disturbed on review.

The judgment and sentence are affirmed.

JUDGE METZGER concurs.

JUDGE KAPELKE, concurs in part and dissents in part.

Judge KAPELKE concurring in part and dissenting in part.

I respectfully dissent as to Part II of the majority opinion which holds that the trial court's advisement under *People v. Curtis,* 681 P.2d 504 (Colo.1984) was adequate to assure that defendant voluntarily waived his right to testify. Although I concur with the analysis of the other issues addressed in the majority opinion, I believe that a reversal and remand for a new trial are required because of the error in the advisement.

The trial court advised defendant that, if he testified, the prosecution would be permitted to ask him about any prior felony convictions, but that the jury would be "instructed to consider the felony conviction only as it bears on your *character* ...." (emphasis added)

*Curtis* and its progeny require that a defendant be advised that the jury could consider a felony conviction only as it bears on the *credibility* of a defendant who testifies. *See People v. Gray,* 920 P.2d 787 (Colo.1996); *People v. Milton,* 864 P.2d 1097 (Colo.1993); *People v. Chavez,* 853 P.2d 1149 (Colo.1993).

While the supreme court has recognized, in *People v. Gray, supra,* and *People v. Deskins,* 927 P.2d 368 (Colo.1996), that a trial court's omission of the word "only" from the advisement might not mandate a reversal, the court has continued to stress that the defendant must be advised that the jury's consideration of felony convictions would be limited to the issue of credibility and not extend to the substantive issues in the case.

Here, at oral argument, the People conceded that evidence of defendant's prior felony convictions would not have been admissible to prove his "character". Indeed, CRE 404(b) expressly provides that: "Evidence of other crimes ... is not admissible to prove the character of a person in order to show that he acted in conformity therewith." *See also People v. Spoto,* 795 P.2d 1314 (Colo. 1990).

While an accused who testifies subjects himself to an attack on his credibility, he does not thereby place his general character in issue. *See People v. Tippett,* 733 P.2d 1183 (Colo.1987).

In both *Chavez, supra,* and *Milton, supra,* the court reversed convictions because the defendants had not been informed that jury consideration of their prior felony convictions would be limited to the issue of credibility.

The *Gray* court, in distinguishing the facts there from those in *Chavez,* stressed that, unlike in *Chavez,* the trial court "did not mislead defendant" with respect to the advisement it gave him concerning use of the evidence of felony convictions for purposes of impeachment of his credibility.

Here, in contrast, although the court's erroneous use of the word "character" rather than "credibility" may have been inadvertent, the fact remains that the court's advisement *did* mislead defendant. It mistakenly conveyed the impression that if he testified his felony convictions could be considered by the jury as bearing on his character and, hence, his propensity to act in conformity with such character. Because it thus suggested that the felony convictions could be used for substantive purposes, and not merely for credibility assessment purposes, the advisement was both improper and misleading.

Under these circumstances, I cannot agree with the majority's conclusion that the advisement was adequate to assure that defendant "knowingly, voluntarily, and intentionally waived his right to testify."

Finally, I would reject the People's contention that, because the record discloses that defendant discussed his right to testify with counsel before electing not to take the stand, reversal would not be required in any event. Even if it were assumed that defendant's counsel advised him correctly as to the limited purpose for which the jury could consider his felony convictions—an assumption which lacks record support—because of the misleading nature of the court's advisement, there existed, at a minimum, a likelihood of confusion on the part of defendant. In my view, that likelihood undercuts any finding that defendant's waiver of his right to testify was voluntary.

Accordingly, I would remand the cause for a new trial.