**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 29 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ISAAC BANKS,

      Petitioner-Appellant,

v.

ROBERT FURLONG; ATTORNEY
GENERAL FOR THE STATE OF
COLORADO,

      Respondents-Appellees.

No. 99-1259

(D.C. No. 97-S-772)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY**, and **LUCERO**, Circuit Judges.[**]

Petitioner Isaac Banks is serving lengthy consecutive sentences at the Limon,

Colorado Correctional Facility after his state court convictions for first degree assault,

attempted first degree murder, and attempted aggravated robbery. Petitioner

unsuccessfully appealed his convictions and sentences to the Colorado Court of Appeals.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34.1(G); 10th Cir. R. 34(a)(2)(C). The case is therefore ordered submitted without oral argument.

People v. Banks, No. 88CA0049 (Colo. App. Aug. 9, 1990) (unpublished). The Colorado Supreme Court thereafter denied Petitioner a writ of certiorari. Petitioner next filed a state petition for post-conviction relief challenging for the first time the sentencing court's imposition of consecutive sentences under a Colorado statute. The state trial court denied the petition as procedurally barred under state law and the court of appeals affirmed. People v. Banks, 924 P.2d 1161, 1163 (Colo. App. 1996). The Colorado Supreme Court again denied Petitioner a writ of certiorari.

Petitioner subsequently filed a pro se petition for a writ of habeas corpus, 28 U.S.C. § 2254, in the federal district court, again raising, among other things, the improper imposition of consecutive sentences. The district court in a thorough order dismissed the claim for failure to exhaust state court remedies. The court thereafter denied Petitioner's application for a certificate of appealability, 28 U.S.C. § 2253(c), and motion for leave to proceed on appeal in forma pauperis, 28 U.S.C. § 1915(a). Petitioner's renewed application and motion are now before us.[1]

---

[1] Because the district court entered its judgment denying Petitioner's § 2254 petition on April 26, 1999, and Petitioner's notice of appeal was not docketed until June 2, 1999, we notified Petitioner of a possible jurisdictional defect in his appeal. Upon further review, we are satisfied that we possess appellate jurisdiction under 28 U.S.C. § 2253. Petitioner attached to his opening brief a copy of a withdrawal ticket indicating he withdrew money for postage for legal mail to the district court on May 26, the last day to file the notice of appeal. He also attached a copy of a declaration indicating he mailed the notice of appeal on that date. Although unsworn, the declaration together with the withdrawal ticket satisfies us that Petitioner's notice of appeal was timely mailed. See Fed. R. App. P. 4(c) (pro se prisoner's notice of appeal deemed filed when delivered to

(continued...)

2

In his appellate brief, Petitioner raises only one claim for our review, namely whether the state court's imposition of consecutive sentences violates the Double Jeopardy Clause of the United States Constitution. The district court dismissed Petitioner's Double Jeopardy claim because he had not exhausted his available state remedies:

> Petitioner's federal constitutional claim was available to raise upon direct appeal, but Petitioner, instead relied only upon state grounds. (Opening Brief of Defendant-Appellant, Nov. 16, 1989 at pp. 16-17.) In his claim for post-conviction relief, Petitioner again only raised the issue as a matter of state law. See, Appellant's Opening Brief, June 30, 1995 at pp.5-6. This issue was not identified as a federal constitutional claim until the Amended Petition was filed in the instant case.

> Recently, in O'Sullivan v. Boerckel, 119 S. Ct. 1728 (1999), the Supreme Court held that in order to satisfy the exhaustion requirement of 28 U.S.C. § 2254(c),[2] a state prisoner must present his constitutional claims to a state supreme court for discretionary review when that review is part of the state's ordinary appellate review process:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

---

[1](...continued)
prison officials for forwarding to the district court).

[2] Section 2254(c) provides: "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

O'Sullivan, 119 S. Ct. at 1732. Because petitioner had not presented his constitutional claims to the Illinois Supreme Court in a petition for discretionary review, The Supreme Court held he had failed to exhaust and consequently had procedurally defaulted those claims:

> There is no dispute that this state court remedy–a petition for leave to appeal to the Illinois Supreme Court–is no longer available to Boerckel; the time for filing such a petition has long past. . . . Thus, Boerckel's failure to present three of his federal habeas claims to the Illinois Supreme Court in a timely fashion has resulted in a procedural default of those claims.

Id. at 1734.

In this case, Petitioner failed to raise his Double Jeopardy claim on direct appeal. In his state court petition for post-conviction relief, Petitioner did state, among other things, that his consecutive sentences violated the Double Jeopardy Clause of the United States Constitution. The state trial court denied the petition on the basis of state procedural default. On appeal from denial of the petition, the Colorado Court of Appeals phrased Petitioner's argument as follows: "Defendant . . . contends that the trial court erred by refusing to review his claim that the sentencing court violated [Colo. Rev. Stat.] §18-1-408(3) by imposing consecutive sentences for convictions supported by identical evidence (attempted first degree murder and first degree assault)." Banks, 924 P.2d at 1163. Thus, the district court likely was correct in concluding that Petitioner failed to exhaust when he failed to press his federal claim before the state court of appeals.

Yet even assuming the district court was incorrect and Petitioner has properly

4

exhausted his federal claim, federal collateral review of his claim is nevertheless barred. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). This is because Petitioner did not raise the Double Jeopardy claim on direct appeal and the state courts declined to address its merits on state collateral review based upon an adequate and independent state law ground. As the Court stated in Coleman, 501 U.S. at 750:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Petitioner has failed to make the showing which Coleman requires to overcome procedural default.

A petitioner may appeal the denial of a habeas corpus petition only if a "circuit justice or judge" issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). We have thoroughly reviewed Petitioner's application for a certificate of appealability, his brief, the district court's orders, and the entire record before us. For the foregoing reasons, we conclude that Petitioner is procedurally barred from raising his claim that his consecutive sentences are unconstitutional whether that bar is based upon the failure to exhaust state court remedies or state procedural default. Accordingly, we deny his application for a certificate of appealability and dismiss the appeal. Petitioner's motion for leave to proceed on appeal in forma pauperis is denied as moot.

5

APPLICATION DENIED; APPEAL DISMISSED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge