The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
November 30, 2023

## 2023COA113

**No. 22CA0914, *People v. Cooper* — Criminal Procedure — Postconviction Remedies — Retroactive Application of Changed Legal Standard**

After a division of the court of appeals affirmed the defendant's conviction on direct appeal, the defendant filed a Crim. P. 35(c) motion arguing that, because *Rojas v. People*, 2022 CO 8, which abolished the res gestae doctrine, established a new rule of criminal procedure, it should be applied retroactively pursuant to *Teague v. Lane*, 489 U.S. 288 (1989). The postconviction court denied relief under Rule 35(c), concluding that *Rojas* "did not amount to" a watershed rule of criminal procedure that applied retroactively under *Teague*.

This division affirms, albeit on different grounds. The division concludes that *Teague* does not apply because *Rojas* did not

announce a new *constitutional* rule of criminal procedure. Instead, section 18-1-410(1)(f)(II), C.R.S. 2023, and Rule 35(c)(1) bar any postconviction claims seeking retroactive application of a significant nonconstitutional change in the law once the conviction has become final.

Court of Appeals No. 22CA0914
Montrose County District Court No. 15CR20
Honorable Keri A. Yoder, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Clinton Cooper,

Defendant-Appellant.

ORDER AFFIRMED

Division V
Opinion by JUDGE YUN
Freyre and Kuhn, JJ., concur

Announced November 30, 2023

Philip J. Weiser, Attorney General, Josiah Beamish, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Tara Jorfald, Alternate Defense Counsel, Lakewood, Colorado, for Defendant-Appellant

¶ 1 Clinton Cooper appeals the postconviction court's order denying his supplemental Crim. P. 35(c) motion. The postconviction court denied the supplemental motion after concluding that *Rojas v. People*, 2022 CO 8, which eliminated res gestae as an independent theory of evidentiary relevance, "did not amount to" a watershed rule of criminal procedure that applied retroactively to postconviction proceedings under *Teague v. Lane*, 489 U.S. 288 (1989). We affirm the order but for a slightly different reason. We conclude that *Teague* does not apply because *Rojas* did not announce a new *constitutional* rule of criminal procedure.

## I. Background

¶ 2 Cooper was charged with one count of sexual assault on a child by one in a position of trust based on allegations that he had assaulted his stepdaughter. The stepdaughter's sister witnessed the alleged assault but delayed reporting it because she had told the stepdaughter she would not tell anyone. To help explain the delayed disclosure, the prosecution sought to introduce as res

1

gestae evidence[1] that, almost a year after the alleged assault, the sister saw Cooper "approach her bedroom window and attempt to look at her while she was changing," which prompted her to come forward. At a motions hearing, Cooper's attorney conceded that this evidence could be introduced as res gestae.

¶ 3 After a second trial,[2] Cooper was convicted as charged. A division of this court affirmed the conviction on direct appeal, and his conviction became final when our supreme court denied his petition for a writ of certiorari. *See People v. Cooper* (Colo. App. No. 17CA0410, Apr. 18, 2019) (not published pursuant to C.A.R. 35(e)) (*cert. denied* Sept. 23, 2019). Approximately one year later, Cooper filed a timely Crim. P. 35(c) motion for postconviction relief, in which he argued that both his trial and appellate attorneys provided ineffective assistance. After reviewing the petition, the court set an evidentiary hearing on Cooper's claims. However, on

---

[1] The prosecution filed a notice of intent to admit this evidence under either res gestae or CRE 404(b), and also under section 16-10-301(3), C.R.S. 2023, which articulates additional circumstances when evidence of other acts may be admitted during a sex assault trial.

[2] The court declared a mistrial after the first jury could not reach a unanimous verdict.

February 22, 2022, and several days before the evidentiary hearing, *Rojas* announced a new rule abolishing res gestae as a theory of relevance in criminal cases. Thus, during the hearing, the court granted Cooper's request to file supplemental briefing to address *Rojas.*

¶ 4 In his supplemental motion, Cooper argued, as relevant here, that, if *Rojas* announced a new rule abandoning the res gestae doctrine, then it should be applied retroactively to his case, and his conviction should be reversed because "inadmissible res gestae testimony tainted his trial." In a detailed written order, the court denied the postconviction motion in its entirety, including the supplemental motion. In denying the supplemental motion, the postconviction court concluded that, although *Rojas* established a new rule, it did not "amount to one of the rare and small watershed core rules that call into question [Cooper's] underlying conviction" and, therefore, did not apply retroactively to Cooper's case.

¶ 5 Cooper now appeals.

## II. Analysis

¶ 6 Cooper argues that the postconviction court erred by concluding that *Rojas* did not announce a watershed rule of

criminal procedure that should be applied retroactively to his case. We disagree that the postconviction court erred.

## A. Standard of Review

¶ 7 Whether *Rojas* applies retroactively on collateral review is a question of law that we review de novo. *See Howard-Walker v. People*, 2019 CO 69, ¶ 22 ("We review questions of law de novo."). We may affirm the postconviction court's ruling on any ground supported by the record, whether or not the postconviction court relied on or considered that ground. *People v. Hamm*, 2019 COA 90, ¶ 23.

## B. Discussion

¶ 8 Colorado has adopted the test established in *Teague* to determine whether a new constitutional rule of criminal procedure applies retroactively to cases on collateral review under Crim. P. 35(c). *Edwards v. People*, 129 P.3d 977, 983 (Colo. 2006). Under *Teague*, Colorado courts apply a three-part test that considers (1) whether the defendant's conviction is final; (2) whether the rule in question is in fact new; and (3) if the rule is new, whether it meets either of the two *Teague* exceptions to the general bar on retroactivity. *Edwards*, 129 P.3d at 983. These two *Teague*

4

exceptions are that (1) the new rule is substantive in nature because it forbids criminal punishment of certain kinds of conduct or (2) the new rule is a "watershed" procedural rule that implicates the fundamental fairness and accuracy of the criminal proceeding. *People v. McDonald*, 2023 COA 23, ¶¶ 13-14 (*cert. granted* Nov. 14, 2023).

¶ 9     But *Teague* applies only to "new *constitutional* rules of criminal procedure." *Danforth v. Minnesota*, 552 U.S. 264, 274 (2008) (emphasis added) (quoting *Teague*, 489 U.S. at 310 (plurality opinion)). "If the new rule is not founded on constitutional concerns, it does not implicate *Teague*." *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1188 (9th Cir. 2011). This requirement is consistent with Colorado case law, which has applied the *Teague* test only to new rules of criminal procedure involving constitutional rights. *See, e.g.*, *People v. Tate*, 2015 CO 42, ¶ 61 (concluding that the new constitutional rule announced in *Miller v. Alabama*, 567 U.S. 460 (2012), was not a watershed rule of procedure and therefore did not apply retroactively to cases on collateral review); *People v. Johnson*, 142 P.3d 722, 728 (Colo. 2006) (concluding that the new constitutional rule announced in *Blakely v. Washington*,

5

542 U.S. 296 (2004), was not a watershed rule of criminal procedure and thus did not apply retroactively to the defendant's conviction); *Edwards*, 129 P.3d at 988 (holding that the new constitutional rule announced in *Crawford v. Washington*, 541 U.S. 36 (2004), was not a "watershed rule of criminal procedure and therefore does not apply retroactively to cases involving postconviction proceedings"); *McDonald*, ¶ 24 (holding that, to the extent *Wells-Yates v. People*, 2019 CO 90M, announced new rules of constitutional law for criminal cases, the rules were procedural and thus did not apply retroactively); *People v. McDowell*, 219 P.3d 332, 337-38 (Colo. App. 2009) (concluding that *Missouri v. Seibert*, 542 U.S. 600, 609 (2004), which held unconstitutional the "two-step *Miranda*" process, was not a watershed rule of criminal procedure and thus did not apply retroactively to the defendant's conviction); *People v. Bradbury*, 68 P.3d 494, 499 (Colo. App. 2002) (concluding that the new constitutional rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), was not a watershed rule of criminal procedure to be applied retroactively).

¶ 10     We now turn to whether *Rojas* announced a new constitutional rule of criminal procedure.  In *Rojas*, our supreme

court abolished the common law res gestae doctrine, at least in criminal cases. *Rojas*, ¶¶ 4 n.1, 41. In its place, the supreme court adopted an intrinsic-extrinsic framework to determine whether the admission of uncharged misconduct evidence must be analyzed under CRE 404(b). *Id.* at ¶ 52. The court explained as follows:

> Intrinsic acts are those (1) that directly prove the charged offense or (2) that occurred contemporaneously with the charged offense and facilitated the commission of it. Evidence of acts that are intrinsic to the charged offense are exempt from Rule 404(b) because they are not "other" crimes, wrongs, or acts. Accordingly, courts should evaluate the admissibility of intrinsic evidence under [CRE] 401-403. If extrinsic evidence suggests bad character (and thus a propensity to commit the charged offense), it is admissible only as provided by Rule 404(b) and after [an analysis as set forth in *People v. Spoto*, 795 P.2d 1314 (Colo. 1990)]. Conversely, if extrinsic evidence does not suggest bad character, Rule 404(b) does not apply and admissibility is governed by Rules 401-403.

*Rojas*, ¶ 52. *Rojas*, however, did not announce a new *constitutional* rule. *See Yusem v. People*, 210 P.3d 458, 469 n.16 (Colo. 2009) (The "[e]rroneous admission of CRE 404(b) evidence is not error of constitutional dimension."); *see also People v. Salas*, 2017 COA 63, ¶ 10 (same); *People v. Casias*, 2012 COA 117, ¶ 60 (same).

7

¶ 11    Thus, because *Rojas* did not implicate a constitutional rule, *Teague* does not apply. *See, e.g., Reina-Rodriguez*, 655 F.3d at 1188 (explaining that a new rule announced in a case limiting the definition of burglary "is not a new constitutional rule, since it does not implicate constitutional rights," and "[a]s a result, *Teague*'s retroactivity bar does not apply"); *United States v. Talk*, 158 F.3d 1064, 1071 (10th Cir. 1998) (concluding that retroactive application of a decision was not barred by *Teague* because the decision was "neither new nor constitutional"), *abrogated on other grounds as recognized in United States v. Harms*, 371 F.3d 1208, 1210 (10th Cir. 2004).

¶ 12    Our conclusion that *Rojas* is not a "new constitutional rule" is fatal to Cooper's claim. Under section 18-1-410(1)(f)(II), C.R.S. 2023, and Crim. P. 35(c)(1), a defendant is barred from seeking retroactive application of a "significant change in the law" to a conviction or sentence when the defendant "has not sought appeal of a conviction within the time prescribed" or the "judgment of conviction has been affirmed upon appeal." *Hamm*, ¶¶ 12-14 (quoting § 18-1-410(1)(f)(II)); *People v. Banks*, 924 P.2d 1161, 1163 (Colo. App. 1996) ("[R]elitigation of a claim based on a change of law

is specifically prohibited in a post-conviction proceeding once a judgment of conviction has been affirmed upon appeal.").

¶ 13    There is an exception for a defendant to seek review outside these timeframes for an alleged constitutional violation. Crim. P. 35(c)(2). But this exception is available only for (1) "[a]ny claim based on a new rule of *constitutional* law that was previously unavailable, if that rule has been applied retroactively by the United States Supreme Court or Colorado appellate courts"; or (2) "[a]ny claim based on a new rule of *constitutional* law that was previously unavailable, if that rule should be applied retroactively to cases on collateral review." Crim. P. 35(c)(3)(VI)(b), (c)(3)(VII)(c) (emphases added). Given our conclusion above, that exception does not apply here.

¶ 14    Thus, section 18-1-410(1)(f)(II) and Rule 35(c)(1) bar any postconviction claims seeking retroactive application of a significant nonconstitutional change in the law once the conviction has become final. *See People v. Cali*, 2020 CO 20, ¶¶ 20-24.

¶ 15    For all these reasons, we affirm the postconviction court's order denying Cooper's supplemental motion, albeit on different grounds. *See Hamm,* ¶ 23.

### III. Disposition

The order is affirmed.

JUDGE FREYRE and JUDGE KUHN concur.