23CA0655 Peo v Bemish 12-19-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA0655
Jefferson County District Court No. 20CR4161
Honorable Jeffrey R. Pilkington, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Karl A. Bemish,

Defendant-Appellant.

---

ORDER AFFIRMED

Division I
Opinion by JUDGE LIPINSKY
J. Jones and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 19, 2024

---

Philip J. Weiser, Attorney General, Josiah Beamish, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Andrea R. Gammell, Deputy
State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Karl A. Bemish appeals the district court's order denying his Crim. P. 35(c) motion without a hearing. We affirm.

## I.    Background

¶ 2    Based on evidence that Bemish strangled his girlfriend with electrical cords, duct-taped her face, hid her body under a bed, took her car, and left town, the prosecution charged him with first degree murder, as well as other offenses. A few weeks after Bemish's arrest, he sent two letters to the prosecution offering to plead guilty to all charges and asking the prosecution to reject any attempt by his public defender to negotiate for reduced charges. Bemish did not plead guilty at that time, however.

¶ 3    Several months later, Bemish asked the district court to discharge his public defender so that he could represent himself. After advising Bemish regarding the importance of counsel and the risk of proceeding pro se, the court granted Bemish's request and appointed advisory counsel, Margaret Baker, for him.

¶ 4    Baker filed various motions on Bemish's behalf, including motions to authorize funds to (1) appoint an investigator; (2) consult with a forensic expert; and (3) hire the expert to prepare a

report and testify that "there are signs consistent with suicide present in this case." The district court granted the motions.

¶ 5 On the same day that the court granted the third motion — three weeks before trial was set to begin — Bemish sent the court a letter in which he asked to waive his right to a jury trial and to plead guilty to first degree murder and two other charges. Bemish said in the letter that he wanted to stay in prison for the rest of his life and "give the victim's family the peace of mind to never concern the[m]selves with any parole proceedings." He said that his wish to plead guilty had not changed in the year since he wrote the two letters to the prosecution offering to do so and that he felt "more strongly about it now than a year ago."

¶ 6 A few days later, with Baker present, Bemish pleaded guilty to first degree murder as a crime of violence. The district court sentenced him to life in the custody of the Department of Corrections without the possibility of parole.

¶ 7 One year after sentencing, Bemish filed the bare bones pro se Crim. P. 35(c) motion at issue. As we understand Bemish's argument in the motion (in which Bemish did not request counsel's assistance), he claimed that Baker provided ineffective assistance

because she did not notify him before his guilty plea that a forensic expert's report corroborated a theory that the victim committed suicide. The district court denied the motion without a hearing.

## II. Discussion

¶ 8 We agree with the district court that Bemish's claim does not merit a hearing, but we apply different reasoning to reach that conclusion. *See People v. Cooper*, 2023 COA 113, ¶ 7, 544 P.3d 679, 681 ("We may affirm the postconviction court's ruling on any ground supported by the record, whether or not the postconviction court relied on or considered that ground.").

### A. Standard of Review and Applicable Law

¶ 9 We review de novo the denial of a Crim. P. 35(c) motion without a hearing. *People v. Marquez*, 2020 COA 170M, ¶ 17, 484 P.3d 761, 763. A district court may deny a Crim. P. 35(c) motion without an evidentiary hearing if the motion, files, and record of the case clearly show the defendant is not entitled to relief. Crim. P. 35(c)(3)(IV).

¶ 10 To sufficiently allege a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), a defendant must assert that (1) counsel's performance was deficient

and (2) the deficient performance prejudiced the defense. *Dunlap v. People*, 173 P.3d 1054, 1062 (Colo. 2007). To show prejudice in the context of a guilty plea, the defendant must allege "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *accord People v. Sifuentes*, 2017 COA 48M, ¶¶ 19-20, 410 P.3d 730, 736. A district court may summarily deny an ineffective assistance claim if the defendant fails to sufficiently allege either prong of the *Strickland* test. *See Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003).

## B. Analysis

¶ 11 We first note that "a defendant has no claim against advisory counsel for ineffective assistance unless counsel acts beyond his or her advisory role." *People v. Garcia*, 64 P.3d 857, 863 (Colo. App. 2002). However, we need not decide whether Baker acted beyond her advisory role because Bemish's claim fails even if Baker's participation in Bemish's defense opened the door to a claim of ineffective assistance of advisory counsel.

¶ 12 Assuming, without deciding, that Baker's performance was deficient, Bemish did not sufficiently allege *Strickland* prejudice. He

4

simply asserted that Baker's performance prejudiced him, "resulting in an unreliable or unfair outcome in the proceedings." This bare and conclusory allegation is not equivalent to a statement that Bemish would have insisted on going to trial had he been aware of the existence of an expert opinion favorable to his defense. *See Hill*, 474 U.S. at 59; *see also People v. Duran*, 2015 COA 141, ¶ 9, 382 P.3d 1237, 1239. Significantly, Bemish did not condition his desire to plead guilty on the forensic expert's findings, even though Bemish was aware that the court had authorized Baker to engage such an expert.

¶ 13 Even if we were to read Bemish's pro se motion broadly, *see Jones v. Williams*, 2019 CO 61, ¶ 5, 443 P.3d 56, 58 ("Pleadings by pro se litigants must be broadly construed to ensure that they are not denied review of important issues because of their inability to articulate their argument like a lawyer."), and ignore the strong evidence of his wish to plead guilty, we cannot conclude that he sufficiently alleged prejudice.

¶ 14 For these reasons, we hold that the district court properly denied the motion without a hearing. *See Ardolino*, 69 P.3d at 77.

## III. Disposition

¶ 15     The order is affirmed.

JUDGE J. JONES and JUDGE SULLIVAN concur.